Roy T. Scott *v.* General Iron and Welding Company, Inc.

House, C. J., Loiselle, Bogdanski, Longo and Barber, Js.

Argued January 8—decision released June 1, 1976

*William F. Gallagher,* with whom, on the brief, was *Joseph M. Delaney,* for the appellant (plaintiff).

*Alfred L. Fordiani, Jr.,* for the appellee (defendant).

LONGO, J.  The plaintiff in this case brought an action for a declaratory judgment determining the validity of a restrictive covenant in an employment

contract between the plaintiff and the defendant, his former employer. The court declared that the covenant was valid and enforceable and the plaintiff has appealed to this court from that judgment. In his assignment of errors, the plaintiff claims that one paragraph of the finding contains facts which were found without evidence. Because the defendant has included in its brief an appendix showing evidence on which the finding of these facts can be based, the paragraph will not be stricken from the finding. See Practice Book §§ 645, 721; *Hames* v. *Hames,* 163 Conn. 588, 591, 316 A.2d 379. Many assignments of error have been expressly abandoned by the plaintiff in his brief; the remaining claims of error are considered in the opinion.

The facts of this case, which appear in the finding and are not subject to correction, may be summarized as follows: The defendant, General Iron and Welding Company, Inc., has been located in Meriden for many years and is in the business of fabricating and welding metals. In 1958 or 1959, when the plaintiff, Roy T. Scott, entered the defendant's employ as an apprentice welder, he had no previous training or experience in the field. In the course of his employment by the defendant, the plaintiff advanced in status and in 1968 became manager of the defendant corporation. As such, he dealt directly with the defendant's customers. In 1971, the vice president of the defendant corporation met with the plaintiff to discuss his future with the corporation. They discussed the future benefits and opportunities which would accrue if the plaintiff were to assume the title of chief engineer, including access to design and engineering knowledge, freedom to handle the affairs of the corporation, and access to the defendant's customer list. As a result

of the discussion, an agreement was submitted to the plaintiff for his approval. The plaintiff had conferred with his attorney, and, after certain changes were made, the plaintiff signed the revised agreement on April 6, 1971. At the time the agreement was signed the defendant had in excess of one thousand customers which had been acquired over a period of years and some eight of which were major customers. These customers were located throughout Connecticut and the defendant did business from time to time in not less than twenty-five nor more than seventy-five Connecticut towns. As of April 6, 1971, all of the customer lists became available to the plaintiff and he was introduced to the customers and called upon them himself to solicit business for the defendant. Shortly thereafter, a salary dispute between the plaintiff and defendant developed and could not be resolved; as a result, the plaintiff gave up his management position and continued to work for the defendant in a lesser capacity. On March 24, 1972, the plaintiff voluntarily left the defendant's employ. At the time of the trial, the plaintiff was employed by the Kiely Manufacturing Company as a welder, and he desired to participate in the management of that business.

The agreement between the plaintiff and defendant which was signed on April 6, 1971, contains the covenant which is the subject of this dispute. The agreement, in its essential provisions, prohibited the plaintiff from disclosing confidential information not generally known in the industry and acquired by him concerning the defendant's products, processes and services, research, inventions, manufacturing, purchasing, accounting, engineering, marketing, merchandising and selling; and from disclosing the list of the defendant's customers to any

person or other entity. The agreement also was expressly intended to protect the confidential information and operations of the C. & S. Ball Bearing Machinery and Equipment Corporation of America, with which the defendant would be working closely; and all covenants in the agreement were to pertain to both the defendant and C. & S. The following paragraphs contained in the agreement are the gravamen of this action: "3. The Employee further agrees that for a period of five years after the termination of his employment with the Corporation he will not, within the State of Connecticut, directly or indirectly, own, manage, operate, control, act as agent for, participate in or be connected in any manner with the ownership, management, operation, or control of any business similar to the type of business conducted by the Corporation at the time of the termination of his employment. 4. It is agreed between the parties hereto, that this Agreement may be voided by their mutual consent in writing. It is understood that this Agreement is in no way intended to restrict the Employee, upon termination of his employment with the Corporation, from continuing to earn a living, as an employee, in his trade or specialty."[1]

The finding of the trial court that the agreement was supported by adequate consideration is uncontested by the plaintiff. The plaintiff argues on this appeal that the court erred in concluding that the agreement was valid and binding, and in overruling his claims that the restrictive covenant in para-

---

[1] During oral argument, attention was called to the erroneous inclusion of the words "be employed by" in the text of paragraph three of the agreement as it appears in the finding. We have quoted the text of that paragraph exactly as it is set out in the agreement, which was introduced into evidence before the trial court by the plaintiff.

graph three was unreasonably restrictive as to area and time and that it was in restraint of trade.

In order to be valid and binding, a covenant which restricts the activities of an employee following the termination of his employment must be partial and restricted in its operation "in respect either to time or place, . . . and must be reasonable—that is, it should afford only a fair protection to the interest of the party in whose favor it is made and must not be so large in its operation as to interfere with the interests of the public. *Cook* v. *Johnson,* 47 Conn. 175, 176; *May* v. *Young,* 125 Conn. 1, 5, 2 Atl. (2d) 385; *Samuel Stores, Inc.* v. *Abrams,* 94 Conn. 248, 253, 108 Atl. 541, 9 A.L.R. 1450." *Torrington Creamery, Inc.* v. *Davenport,* 126 Conn. 515, 519–20, 12 A.2d 780; see *Oregon Steam Navigation Co.* v. *Winsor,* 87 U.S. (20 Wall.) 64, 66–67. The interests of the employee himself must also be protected, and a restrictive covenant is unenforceable if by its terms the employee is precluded from pursuing his occupation and thus prevented from supporting himself and his family. See *May* v. *Young,* supra. Having stated these principles, which reflect the conflict of interests of the employer, the employee, and the public, we turn to a consideration of the claims made by the plaintiff employee in this case.

Under paragraph three of the agreement, upon the termination of his employment, the plaintiff employee was prohibited from participating in the management of a business of the type conducted by the defendant "within the State of Connecticut." Neither party to this action has cited any decision of this court which considers the validity of a statewide restriction. In other jurisdictions, however, statewide restrictions have been upheld as a valid

protection of an employer's business. See *Barb-Lee Mobile Frame Co.* v. *Hoot,* 416 Pa. 222, 206 A.2d 59; *Oxman* v. *Profitt,* 241 S.C. 28, 126 S.E.2d 852; *Dyar Sales & Machinery Co.* v. *Bleiler,* 106 Vt. 425, 175 A. 27. The general rule is that the application of a restrictive covenant will be confined to a geographical area which is reasonable in view of the particular situation. See 54 Am. Jur. 2d, Monopolies, Restraints of Trade, and Unfair Trade Practices, § 543. A restrictive covenant which protects the employer in areas in which he does not do business or is unlikely to do business is unreasonable with respect to area. See *Dyar Sales & Machinery Co.* v. *Bleiler,* supra; 54 Am. Jur. 2d, supra, § 544.

It was the finding of the court that the defendant did business in twenty-five to seventy-five Connecticut towns, and that its customers numbered more than one thousand and were located throughout the state. Although that finding has been attacked by the plaintiff, it is in its essential aspects[2] fully supported by the testimony of one of the defendant's officers, which is set out in narrative form in the defendant's brief and appears verbatim in that of the plaintiff. That the plaintiff himself offered conflicting testimony is not determinative. The weight to be given testimony and the credibility of witnesses are matters to be determined by the trier. See *Slavitt* v. *Ives,* 163 Conn. 198, 212, 303 A.2d 13; *Birnbaum* v. *Ives,* 163 Conn. 12, 21, 301 A.2d 262. We find that the conclusion that a statewide restriction was reasonably necessary in this case to

---

[2] The witness did testify that the defendant conducted business in not more than eighty towns, although the figure which appears in the finding is seventy-five. As the number found is the lesser of the two, there is no prejudice to the plaintiff.

protect the interests of the defendant employer is supported by the finding, which is in turn supported by the evidence. The trial court did not err in overruling the claim of the plaintiff that the statewide restriction was unreasonable in area.

In his brief, the plaintiff made the additional argument that the trial court erred in requiring him to bear the burden of proof of his claim that the restriction was unreasonable as to area. This court is not required to consider that argument because the plaintiff has not specifically assigned as error the ruling of the trial court on the issue of burden of proof. See Practice Book § 652; *Weyls* v. *Zoning Board of Appeals,* 161 Conn. 516, 521, 290 A.2d 350; *Cecio Bros., Inc.* v. *Feldmann,* 161 Conn. 265, 276, 287 A.2d 374. In this case, however, both parties have briefed the issue and we will consider it. As the finding is silent on this point, we turn to the memorandum of decision; see *Ruggles* v. *Town Plan & Zoning Commission,* 154 Conn. 711, 712, 226 A.2d 108; which reveals that the court did in fact impose the burden of proof upon the plaintiff. It is the well-established rule that "[t]he mere fact that a party sees fit to institute an action for a declaratory judgment in no way operates to alter or shift the ordinary rules as to the burden of proof by choosing the procedure of such an action. *Keithan* v. *Massachusetts Bonding & Ins. Co.,* 159 Conn. 128, 267 A.2d 660; *Hardware Mutual Casualty Co.* v. *Premo,* 153 Conn. 465, 471–72, 217 A.2d 698." *Lublin* v. *Brown,* 168 Conn. 212, 226, 362 A.2d 769. Therefore, we find that the trial court did not err in requiring the plaintiff to bear the burden of proof. See *Hally* v. *Hospital of St. Raphael,* 162 Conn. 352, 358, 294 A.2d 305; *Nikitiuk* v. *Pishtey,* 153 Conn. 545, 553, 219 A.2d 225.

Under paragraph three of the agreement, the plaintiff was also prohibited from participating in the management of a business similar to that of the defendant for five years following termination of his employment with the defendant. The plaintiff's knowledge of the defendant's customer list was a potential threat to the defendant's business, and the defendant was entitled to protect that and other confidential information for a reasonable period of time. See *May* v. *Young,* 125 Conn. 1, 6–7, 2 A.2d 385. In this case, the court could reasonably and logically conclude that a five-year restriction is reasonable, as the finding reveals that it had taken years of effort for the defendant to acquire its customers. The time restriction also protects the interests of the plaintiff, for it serves to limit the time during which he can be prohibited from participating in the metals business at a managerial level. The trial court did not err in overruling the plaintiff's claim that this restriction was unreasonable as to time.

The plaintiff's interests are also protected by paragraph four of the agreement. Under the terms of that paragraph, the plaintiff is not prohibited from participating in the metals business "as an employee." At the time of trial, the plaintiff was employed as a welder and was earning $200 per week. Thus, the plaintiff is not being deprived of the opportunity to earn a livelihood for himself and his family or of employment at his trade. The plaintiff claims that the provisions of paragraph four conflict with those of paragraph three and are, therefore, illusory. We do not agree. The agreement clearly manifests an intention to allow the plaintiff to seek and accept employment in his trade as a welder.

In determining whether a restrictive covenant of employment is in restraint of trade, "[t]he test of its validity is the reasonableness of the restraint it imposes." *Mattis* v. *Lally,* 138 Conn. 51, 54, 82 A.2d 155, and the citations contained therein. This agreement meets the criteria set out in *Torrington Creamery, Inc.* v. *Davenport,* 126 Conn. 515, 519–20, 12 A.2d 780. It does not indefinitely restrict the plaintiff's right to future employment in a management position. In the interim, the plaintiff is free to work as a welder and the interest of the public in securing the benefit of his labor and skill is thereby protected. The facts of this case support the conclusion that the protection afforded the defendant by the restrictive covenant is reasonable. Therefore, the trial court did not err in overruling the plaintiff's claim that the agreement was in restraint of trade.

We hold that the trial court did not err in concluding that the agreement between the parties was valid and binding.

There is no error.

In this opinion the other judges concurred.