[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This summary process action came to this Court on February 4, 1991 and then proceeded to trial on May 9, 1991.
The Court finds the following facts: the plaintiff and defendant entered into a written lease agreement, whereby the defendant took occupancy of approximately 400 square feet of space in the plaintiff's commercial premises at 350 Connecticut Avenue, Norwalk. The defendant examines eyes and fits contact lenses for the plaintiff's customers and she pays $275 per month as rent.
The lease made on June 3, 1987 had a term of one (1) year.
On two (2) earlier occasions Plaintiff filed summary process actions, both of which failed. There is no claim by either party that a rental agreement did not exist on December 13, 1990
The Plaintiff again seeks to obtain possession of the premises. In its Notice to Quit served January 8, 1991, it alleges termination by reason of an "expressed stipulation," to wit, Paragraph 19 of the lease.
Paragraph 19 states as follows:
 Optional Termination: The term of this lease shall automatically by renewed under the same terms and conditions, unless either party decides to exercise the following options. Lessor or Lessee may terminate this lease by giving Thirty (30) days advanced written notice during the primary term or any renewal thereof, or Thirty (30) days written notice prior to the end of the term as outlined. In the event the Lessor enters into an agreement to Franchise the premises, the Lessor may upon Thirty (30) days written notice to Lessee terminate this lease agreement, and Lessee will vacate and deliver the herein premises to Lessor. In the event of Lessee's nonperformance hereunder, the Lessee hereby authorizes Lessor to enter the premises by any means whatsoever, and reposess the herein premises. CT Page 4046
The Plaintiff's revised complaint, dated January 22, 1991 in relevant part states as follows:
 3. Pursuant to paragraph 19 of the Lease, Pearle provided Doyle with thirty days written notice of Pearle's exercise of its option to terminate the Lease, a copy of which is attached hereto as Exhibit A. 4. The Lease has not been terminated, and Doyle no longer has the right or privilege to occupy the Premises.
The Plaintiff through its attorney gave notice to the Defendant by letter of December 13, 1990 that the lease was being terminated as of January 15, 1991. The letter makes reference to an earlier Notice to Quit dated August 24, 1990. This letter serves as the 30 day "advanced written" notice as called for by Paragraph 19 of the lease.
Subsequently a Notice to Quit was served on the plaintiff on January 8, 1991, stating that the "leave was terminated by notice pursuant to an expressed (sic) stipulation . . . contained in section 19 of (the) lease."
The Defendant claims that the Plaintiff made a new claim in the complaint that it did not claim on the earlier Notice to Quit: namely that "Doyle no longer has the right or privilege to occupy the Premises." The Plaintiff does indeed add this language to its claim in Paragraph 4 of the revised complaint; but it also claims that "(T)he Lease has now been terminated. . . ." The Court finds that the clause claiming no right or privilege is surplusage and that the first clause in Paragraph 4 makes the same allegation as appears on the Notice to Quit. The Notice to Quit and the complaint, therefore, are in accord as to the grounds for termination. The Court need not consider, therefore, the issue of Defendant's right or privilege to occupy the premises.
The Defendant advanced an additional claim, namely that the lease entered into is illegal and in violation of public policy and therefore unenforceable by the Court because of a restrictive covenant in Section 18 of the lease. This section states as follows:
 Non-Competition: As a significant inducement to Landlord to enter into this agreement, Tenant agrees (i) that during the initial and any extended term of this Lease, he will devote his fulltime, attention, and best efforts to the operation of the business and will not be employed by, own an interest in, or lend his name or image to any company, firm, trust, partnership or other business which is or proposes to be engaged directly or indirectly in any business or activity which is substantially similar CT Page 4047 to the Business or in the retail sale of optical goods or related products; (ii) that for a period of one (1) year following termination of this lease for any reason, he will not be employed by, own an interest in, or lend his name or image to any company, firm, trust, partnership or other business which is or proposes to be engaged, directly or indirectly, in any business or activity which is substantially similar to the Business or is the retail sale of optical goods within a radius of one (1) mile from the leased premises; and (iii) that following termination of this Lease for any reason he will not advertise or hold himself out to the public as having been associated through this lease or otherwise with Landlord or any affiliate of Landlord.
In the trial brief, the Defendant argues that a "careful examination of Section 18 . . . prevents the Defendant . . . from providing eye examinations, a business which Pearle is not involved in." The Defendant's reasoning is that "(A)rguably the only restriction that the Plaintiff can make on Dr. Doyle is one preventing her from selling eyeglasses, if indeed that was part of her business to begin with. However, it is clear that this was not part of the Defendant's business and therefore the restrictive covenant cannot be said to be reasonably necessary for the fair protection of Pearle's business. The restrictive covenant as it now stands precludes the Defendant from practicing her profession, i.e., eye examinations, a profession which the Plaintiff. . . is not involved in."
As the Defendant concedes, the Defendant is not deemed an employee, as she is a "Tenant" in the lease. However, even were the Defendant to be considered an employee, this paragraph would not necessarily be deemed illegal, thereby rendering the entire lease unenforceable as Defendant claims. The authorities cited by the Defendant, namely Scott v. General Iron and Welding Co. 171 Conn. 132, and Hart, Nininger Campbell Associates Inc. v. Rogers,16 Conn. App. 619 upheld the restrictive covenants at issue in employee/employer relationships.
In Scott, involving a 5 year agreement and a geographical area of the entire State of Connecticut, the Court said:
 In order to be valid and binding, a covenant which restricts the activities of an employee following the termination of his employment must be partial and restricted in its operation "in respect either to time or place, . . . and must be reasonable — that is, it should afford only a fair protection to the interest of the party in whose favor it is made and must not be so large in its operation as to interfere with the interests of CT Page 4048 the public. The interests of the employee himself must also be protected, and a restrictive covenant is unenforceable if by its terms the employee is precluded from pursuing his occupation and thus prevented from supporting himself and his family. (at 137)
It found the 5 year restriction and strategic restriction reasonable.
In Hart, involving a 2 year agreement, the Court upheld the contract and, citing Scott, wrote:
 Our Supreme Court has set out a five-part test for determining the reasonability of a restrictive covenant: (1) the length of time the restriction is to be in effect; (2) the geographical area covered by the restriction; (3) the decree of protection afforded to the interest of the party in whose favor the covenant is made; (4) the restrictions imposed on the employee's ability to pursue his occupation; and (5) the potential for undue interference with the interests of the public.
In both cases the Court heard testimony and took evidence as to the facts. In the instant case the Defendant failed to testify. She introduced no evidence from which the Court could conclude that a one year/one mile restriction was unreasonable for a doctor in her position. No evidence was introduced as to the nature of retailing in optical goods or in the medical practice which is her specialty and the reasons, or lack thereof, for such a covenant. Without facts to find the Court is unable to rule that paragraph 18 is unreasonable and therefore illegal.
For the foregoing reasons, judgment is entered for the Plaintiff.
LEHENY, J.