[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONAND TEMPORARY INJUNCTION
CT Page 1071-A
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 1071-B
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 1071-C
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 1071-D
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 1071-E
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 1071-F
The defendants Lisa Klein and Cheryl Taraian are former employees of the plaintiff corporation, which operates a nail salon in Trumbull. The case is before the court on plaintiff's application for a temporary injunction against Klein prohibiting her from competing with the plaintiff in violation of her written agreement and against both Klein and Taraian enjoining them from rendering manicure services to customers of the plaintiff allegedly wrongfully taken by the defendants.
Klein began working for the plaintiff in September, 1990 as a manicurist and manager of the Nail Revue shop. Her written employment contract contained a non-compete provision whereby Klein agreed not to work as a manicurist in a certain geographical area, which included the town of Fairfield, for a period of one year after leaving the plaintiff's employ. (Taraian did not have a written employment agreement with the plaintiff.) On Sunday, May 2, 1993 Klein and Taraian notified the plaintiff's president by phone that they were quitting their positions. On Monday, May 3, 1993 Klein and Taraian opened a nail salon called the "Nail Fix" in Fairfield.
To obtain temporary injunctive relief, a plaintiff must show clearly that protectible interests are at stake, that it has a reasonable certainty of success on the merits of the claim and that unless injunctive relief is granted, it will suffer irreparable injury for which it lacks an adequate remedy at law.Berin v. Olson, 183 Conn. 337, 340 (1981); Covenant RadioCorporation v. Ten Eighty Corporation, 35 Conn. Sup. 1, 3 (1977). The evidence presented by plaintiff satisfied all of these requirements.
At the outset of her employment by the plaintiff, Klein knowingly agreed to the non-compete provision of the agreement. The principal shareholder of the plaintiff had no experience in the nail salon business and was relying on Klein's expertise in CT Page 1071-G the field. The non-compete provision was therefore necessary to protect the plaintiff's investment and Klein admittedly understood that.
The provisions of this non-compete are reasonable and enforceable in that the time is limited to one year and the geographical area is limited to the towns from which the plaintiff drew most of its clients. Scott v. General Iron Welding Co., 171 Conn. 132, 137-8 (1976). The plaintiff has clearly shown a likelihood of success on the merits of its claim. Although Klein contends that the non-compete provision is unenforceable because of the plaintiff's prior breach of the agreement in several respects, there was insufficient evidence to sustain this claim.
The plaintiff has also shown that irreparable injury will result unless a temporary in junction is granted. Klein's violation of her non-compete agreement has had a devastating economic affect on the plaintiff reducing plaintiff's income by approximately fifty per cent.
Accordingly, the following temporary injunction is hereby CT Page 1071-H ordered by the court, to become effective on Friday, March 4, 1994 and to remain in effect for one year: Lisa Klein is enjoined from working directly or indirectly in a nail salon or similar business or as a manicurist within the towns of Trumbull, Easton, Stratford, Monroe, Bridgeport and Fairfield and no closer than ten (10) miles from the Nail Revue salon in Trumbull.
The plaintiff also contends that Klein and Taraian used the plaintiff's confidential customer list in order to solicit Nail Revue customers to become customers of the Nail Fix. This contention was not sustained, however, by the evidence at the temporary injunction hearing.
There was no evidence at the hearing that the defendants obtained access to the plaintiff's customer list and used the plaintiff's list to solicit the plaintiff's customers. Klein and Taraian both testified that each of them maintained her own personal list of the customers she serviced and it was that list which was used to solicit customers for the Nail Fix. The plaintiff's president acknowledged that she was aware that the defendants maintained their own customer lists and that they were CT Page 1071-I not prohibited from doing so. Therefore, there is no basis for a temporary injunction restraining the defendants from servicing customers of the plaintiff.
CHRISTINE S. VERTEFEUILLE, JUDGE