[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE (NO. 111)
On September 16, 1993 the plaintiff, Russo Associates, Inc. ("RA"), filed a six count complaint which names Refined Sugars, Inc. ("Refined"), Monroe Engineering, Inc. ("Monroe"), Andrew Robertson ("Robertson") and Karen Segerson ("Segerson") as defendants. RA is an entity in the business of providing technical personnel to other companies on a temporary or contract basis.
A revised complaint was filed on January 3, 1994 wherein RA alleges that between May, 1984 and July, 1993 it provided its employee Robertson to Refined for various temporary projects. RA alleges that on December 17, 1992, pursuant to its business practice, it entered into a new employment agreement with Robertson. (See exhibit A to RA's complaint.) Pursuant to this agreement, RA hired Robertson to work on a temporary assignment for Refined. The employment agreement contains a clause which provides, in pertinent part, that Robertson "will not accept employment directly or indirectly at the client company for a period of six months following termination of employment with RA without consent of RA."
On July 31, 1993, Refined terminated its relationship with RA and RA alleges that on August 1, 1993 Monroe, a firm engaged in a business similar to that of RA, hired Robertson and contracted his services to Refined. RA further alleges that the defendant Segerson, a former RA employee and current Monroe employee, hired Robertson away from RA despite her knowledge of the contract between RA and Robertson.
In count one of the revised complaint RA alleges that Monroe tortiously interfered with RA's contract with Robertson. In count four of the revised complaint RA contends that Monroe violated the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et sequence ("CUTPA").
On January 18, 1994, Monroe filed a motion to strike counts one and four of RA's revised complaint, along with a supporting memorandum of law. On February 22, 1994, RA filed an objection (docket number 113) along with a memorandum of law in CT Page 5334 opposition.
The motion to strike allows the moving party to test the legal sufficiency of a pleading. Ferryman v. Groton, 212 Conn. 138,142 (1989). In analyzing a motion to strike, the court is limited to the facts alleged in the pleadings, Roe v. Godou,209 Conn. 273, 278 (1988); which must be construed in the light most favorable to the pleader. Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170 (1988). If the court finds that the facts alleged in the pleadings support a cause of action or defense, the motion to strike must be denied. See Ferryman v. Groton, supra, at 142.
In moving to strike count one of the revised complaint, which sounds in tortious interference with contract, Monroe argues that the covenant not to compete contained in the contract between RA and Robertson is unenforceable because there was no valid consideration given to Robertson in exchange for his promise not to compete with RA. Monroe further argues that the agreement not to compete is unenforceable because it is unreasonable as to time and place of application. Monroe is attempting to attack the legal sufficiency of RA's tortious interference claim by attacking the legality and enforceability of RA's agreement with Robertson. In doing so, Monroe does not argue that RA has failed to allege the elements necessary to state a legally sufficient tortious interference claim.
Geographic and time restrictions in a covenant not to compete are valid if they are reasonably limited and if they fairly protect the interest of both parties to the covenant.Robert S. Weiss Assoc., Inc. v. Wiederlight, 208 Conn. 525, 530
(1988). In the instant case, the covenant in question restricts Robertson from working for a "client company" for a period of six months after the termination of his employment with RA.
The court finds that a six month time restriction is not per se illegal. Our Supreme Court has upheld restrictions for periods of time which exceed the six month period imposed in the present case. See, for example, Scott v. General Iron WeldingCo., 171 Conn. 132, 140 (1976) (upholding a five year statewide covenant barring a former employee from working as a manager for a competing business). Any illegality which may arguably exist is not apparent upon a facial examination of either the challenged pleading or the copy of the contract that is attached to the challenged pleading. Thus, the court would have to consider facts CT Page 5335 outside of the pleadings in order to rule on the legality or enforceability of the covenant not to compete. "[A]ny claimed illegality not apparent on the fact of the pleadings must be specially pleaded." United States Trust Co. of New York v.DiGhello, 179 Conn. 246, 249 (1979).
Accordingly, Monroe's motion to strike count one of RA's revised complaint is denied.
In support of its motion to strike count four, Monroe argues that RA fails to allege the existence of a dispute which involves trade or commerce. Monroe further argues that disputes between an employer and an employee over the terms and conditions of employment do not fall within the purview of CUTPA.
In count four RA is not bringing suit against an employee as Monroe is not an employee of RA. RA alleges that Monroe is a competitor, as both RA and Monroe are in the business of supplying technical employees to other businesses on a temporary basis, CUTPA liability may be premised on allegations that a defendant competitor engaged in unfair competition and in unfair or deceptive trade practices. See Sportsmen's BoatingCorp. v. Hensley, 192 Conn. 747, 755 (1984). One of the criteria for determining whether a practice violates CUTPA is whether the practice in question causes substantial injury to consumers, competitors or other businessmen. McLaughlin Ford, Inc. v. FordMotor Co., 192 Conn. 558, 568 (1984).
In support of its CUTPA claim, RA alleges that Monroe, in its capacity as a competitor of RA, engaged in an unfair trade practice by interfering with RA's business expectancies. Thus, RA has pled a legally sufficient CUTPA claim, and Monroe's motion to strike count four of the revised complaint is hereby denied.
EDDIE RODRIGUEZ, JR., JUDGE