[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff has commenced this action seeking, inter alia, a temporary injunction prohibiting the Defendant, for a period of twelve months, from competing with the Plaintiff, directly or indirectly, in the sale of "interconnect products". The Plaintiff's application for a temporary restraining order is based on various contractual agreements between the parties including a restrictive covenant contained in an Intellectual Property Agreement executed by the Defendant prior to the commencement of his employment with the Plaintiff.
The Defendant objects to the issuance of a temporary injunction by alleging that the subject restrictive covenant is unenforceable, firstly, because it would unreasonably preclude the Defendant from pursuing his occupation and thus prevent him from supporting himself and his family and secondly, because it does not limit the geographical area covered by the restrictive covenant. The Defendant further argues that injunctive relief is inappropriate in this matter because the Plaintiff cannot demonstrate irreparable harm, because the Plaintiff has an adequate remedy at law and because granting of the injunctive relief sought would cause damage to the Defendant greatly disproportionate to any injury of which the Plaintiff complains.
The evidence elicited at the hearing on the, application discloses the fact that the Plaintiff corporation manufactures and sells "interconnect, products" to markets throughout the world. The Defendant commenced employment with the Plaintiff in January of 1995 and in connection therewith executed various documents relating to such employment including an "Intellectual Property Agreement" dated January 5, 1995 (Plaintiff's Exhibit #1 at hearing). The said "Intellectual Property Agreement" provided in pertinent part that the Defendant would not accept employment with, become in competition with, or render services directly or indirectly with a competitor of the Plaintiff for a period of one (1) year after termination of the Defendant's employment with the Plaintiff.
In September of 1996 the Defendant voluntarily resigned from his employment with the Plaintiff and within two weeks thereof commenced employment with King Electronics, an acknowledged competitor of the Plaintiff.
In general for a plaintiff to prevail upon a request for the issuance of an injunction the plaintiff must show (1) that there is no adequate remedy at law and (2) the plaintiff would be CT Page 27 subject to imminent and irreparable damage if the injunction were not issued. See Pet v. Department of Health Services, 207 Conn. 346,370 (1988). Whether an injunction should be issued lies within the sound discretion of the court. In exercising this discretion the trial court must balance the competing interests of the parties. Further, the relief granted must be compatible with the equities of the case so as not to be greatly disproportionate to the injuries sustained by the complaining party. Dukes v. Durante, 192 Conn. 207, 225 (1984).
"Irreparable" connotes the inability to make good or to restore. Murray v. Egan, 28 Conn. Sup. 204, 208 (1969). Thus, the prospect for irreparable damage arises when there exists no legal remedy furnishing full compensation or adequate redress for a wrong done to or sustained by an individual. The injury or wrong complained of must be serious or material and not adequately reparable by damages at law in that, such damages will not restore the complaining party to the position in which the party formerly stood. See City of New London v. Perkins, 87 Conn. 229,234 (1913); Gorham v. The City of New Haven, 82 Conn. 153, 157
(1909); Murray v. Egan, 28 Conn. Sup. 204, 208.
With specific reference to that portion of the Plaintiff's prayer for relief which seeks a temporary injunction prohibiting the Defendant for a period of five years from "use, dissemination and/or disclosure, directly or indirectly, of the confidential information of the Plaintiff", no evidence has been elicited at hearing to suggest that the Defendant has disclosed any such information. In fact, the Defendant testified that he has not and will not use or disclose any such information in connection with his employment at King. The Plaintiff's own Intellectual Property Agreement dated January 5, 1995 (Plaintiff's Exhibit #1 at hearing) at Paragraph 9, suggests that this goal can be accomplished without the need of an injunction:
 9. Confidential Information from Previous Employment. I certify that I have not, and will not, disclose or use during my employment with Amphenol, any confidential information which I acquired as a result of any previous employment or under a contractual obligation of confidentiality before my employment with by Amphenol.
As regards contact by the Defendant of customers of the Plaintiff, the Plaintiff's representative at the hearing testified that both the Plaintiff, Amphenol, and the Defendant's CT Page 28 new employer, King Electronics, already share many of the same customers.
With specific reference to the restrictive covenant issue, the five factors to be considered in evaluating the reasonableness of a restrictive covenant ancillary to an employment agreement are: (1) the length of time the restriction operates; (2) the geographical area covered; (3) the fairness of the protection accorded to the employer; (4) the extent of the restraint on the employee's opportunity to pursue his occupation; and (5) the extent of interference with the public's interests.Scott v. General Iron Welding Co., 171 Conn. 132, 137,368 A.2d 111 (1976); New Haven Tobacco Co. v. Perrelli, 11 Conn. App. 636,638-39, 528 A.2d 865 (1987).
In analyzing the restrictive covenant contained in the Intellectual Property Agreement in the instant case, the Court notes that there is no geographical limitation to the covenant. The Plaintiff asserts that because the Plaintiff is an "international company in a highly competitive market" and because the Defendant understood and acknowledged as reasonable the limitations that would be placed upon him upon the termination of his employment with the Plaintiff, the restrictive covenant should be found valid and enforceable. Doing so though would permit the Plaintiff to restrain the Defendant from accepting any employment with any competitor of the Plaintiff anywhere in the world for a period of one year. This will not allow such a result.
Based upon the evidence presented at the hearing and the credibility of the witnesses who testified at said hearing, this Court cannot conclude that the Plaintiff would be subject to imminent and irreparable damage if the injunction here were not issued nor can the Court conclude that there is no adequate remedy at law available to the Plaintiff on the facts alleged. In its prayer for relief, in addition to the injunctive relief sought, the Plaintiff seeks what are clearly remedies at law including damages from the Defendant which will compensate the Plaintiff for its loss of business reputation and good will and an award of punitive damages. The ability to pursue and prevail upon such claims provides the Plaintiff with an adequate remedy at law.
Accordingly, the Plaintiff's request for issuance of a temporary injunction is denied and the Plaintiff is left to CT Page 29 pursue its remedies at law.
BY THE COURT
CARROLL, J.