[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an injunction action seeking to enforce a non-competition agreement between the parties. A hearing was held before this Court on October 8, 2002, and from the totality of the evidence, this Court finds as follows:
1. The plaintiff (hereinafter "Becker's") at all times herein is a Connecticut corporation with its principal place of business at 45 South Main Street. West Hartford. Connecticut which is in the jewelry business with retail locations at 65 La Salle Road, West Hartford. Connecticut and 44 Pratt Street, Hartford, Connecticut. The defendant (hereinafter "De Roy") resides at 17 Croydon Drive, West Hartford. Connecticut.
2. On or before December 15, 1998 De Roy became an employee of Becker's. On or about December 15, 1998 Becker's and De Roy entered into a Non-Competition and Confidentiality Agreement (hereinafter "Agreement") which isPlaintiff's Exhibit 1. De Roy received $250.00 in consideration for entering into said Agreement. This is a valid and enforceable Agreement.
3. Paragraph 2 of said Agreement recites as follows:
"2. The Employee agrees that for a period of twelve (12) months following her/his employment with the Company, s/he will not either directly or indirectly as agent, stockholder, employee, officer, director, trustee, partner, proprietor or otherwise (except as a passive investor holding not more than 1% equity in another entity) engage in, render advice or assistance to or be employed by any person, firm or entity which is in any way in competition with the Company. This paragraph shall only apply where either (1) the person, firm or entity is located within a seven mile radius of any Company store; or (2) the entity is any CT Page 13289 location of Lux, Bond Green Jewelers, Harstans Jewelers, Hannoush Jewelers, Gem Jewelry or Michaels Jewelers."
4. During De Roy's employment with Becker's, De Roy had access to Becker's business practices, procedures, confidential information, trade secrets and customer lists.
5. De Roy submitted a written notice of resignation of his employment dated June 18, 2002, Plaintiffs Exhibit 2, in which he recited that his last day of employment with Becker's would be June 27, 2002.
6. Within a short period of leaving the employment of Becker's, and within the twelve month prohibition period of the Agreement as set forth in paragraph 2 thereof, De Roy became an employee of Gem Jewelry in violation of said Agreement, and today remains employed by Gem Jewelry. By letter dated July 12, 2002 Becker's made a demand upon De Roy to cease and desist working for Gem Jewelry (Plaintiffs Exhibit 3).
7. De Roy read the Agreement prior to signing it, had an opportunity to go over with it with an attorney of his choice and signed it voluntarily and understandingly.
8. There was conflicting testimony as to whether De Roy received a copy of the Agreement during his first interview which was prior to December 15, 1998. However, that issue is irrelevant because, as the Court has found, De Roy had an opportunity to review the Agreement, obtain counsel to review it for him and with him and executed the Agreement voluntarily and understandingly.[1]
 9. De Roy made minimal attempts to find employment outside the seven mile radius of any Becker's store with any company other than those specified in paragraph 2 of the Agreement. Plaintiffs Exhibit 6 which shows the jewelry stores in the State of Connecticut reveals that there were dozens of jewelry stores and jewelry store chains beyond the seven mile radius and other than those specifically prohibited in paragraph 2 of the Agreement. De Roy was then age 62 and concerned that his age would work against him, so he chose to deliberately violate the Agreement. That may be a reason but not an excuse. He was well aware of the Agreement's prohibitions.
10. Rather than seek out employment at locations and with companies not prohibited by the Agreement, De Roy instead knowingly chose to become employed by Gem Jewelry in direction violation of the Agreement. CT Page 13290
"The five factors to be considered in evaluating the reasonableness of a restrictive covenant ancillary to an employment agreement are: (1) the length of time the restriction operates; (2) the geographical area covered; (3) the fairness of the protection accorded to the employer; (4) the extent of the restraint on the employee's opportunity to pursue his occupation; and (5) the extent of interference with the public's interests."Weiss v. Wiederlight, 208 Conn. 525, 529, footnote 2 (1988) citing Scott v. General Iron Welding Co., 171 Conn. 132, 137 (1976) and New Haven Tobacco Co. v. Perrelli, 11 Conn. App. 636, 638-39 (1987).
11. The Court finds that the length of time, one year, is reasonable, and the geographical area covered, a radius of seven miles, is also reasonable. Further, inclusion of five of Becker's competitors is reasonable. The protection accorded to Becker's was fair in view of the nature and intensity of its competition. There is little restraint on De Roy's opportunity to pursue his occupation in view of the fact that, as stated above, there are dozens of jewelry stores or jewelry chain stores outside the seven mile radius and stores that are not prohibited by the Agreement. There are many which are within one hour's drive of the residence of De Roy. De Roy never took advantage of these opportunities for employment with stores that are not barred by the prohibition in the Agreement. Further, because there are so many other stores in the general area outside the seven mile radius, competition still exists and, therefore, there is little if any interference with the public's interests.
12. De Roy has violated and continues to violate the Agreement by his employment with Gem Jewelry. The plaintiff has sustained its burden of proof that De Roy has violated and continues to violate the Agreement.
13. The parties, in open court, stipulated that this Court should enter a final judgment in this matter; i.e. a decision on a permanent injunction rather than a temporary injunction, the plaintiff waived its claim for attorney's fees and money damages, and there was no evidence of a monetary amount of damages. Further, the plaintiff does not have an adequate remedy at law to protect itself from the activities of De Roy which are in violation of the Agreement and irreparable harm to the plaintiff will be sustained if De Roy is allowed to continue to violate the Agreement.
14. Accordingly, it is hereby ORDERED:
The defendant is permanently enjoined until June 27, 2003 from engaging in either directly or indirectly as principal, stockholder, partner, employee or otherwise in any business in direct competition with Becker's CT Page 13291 in any jewelry retail business within a seven mile radius of any Becker's store and is specifically enjoined from employment with Lux, Bond Green Jewelers, Harstans Jewelers, Hannoush Jewelers. Gem Jewelry and Michaels Jewelers. This injunction shall take effect thirty days from the date of this decision in order to give the defendant an opportunity to seek other employment hopefully without loss of income.
 ___________________ Rittenband, JTR