[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
FACTS
The plaintiff, HR Block Eastern Tax Services, Inc., brings this action seeking injunctive relief and money damages, arising out of a claimed breach of an employment agreement.
From 1993 through April of 2000, the defendant Richard Elia was employed by the plaintiff as a seasonal tax return preparer in its New Haven District.
He was assigned to the HR Block office located in Shelton.
Each year, prior to preparing tax returns for the plaintiff, the defendant entered into and signed an employment agreement.
The final employment agreement was signed in December, 1999 (Exhibit 1).
Paragraph 11 of that agreement, entitled "Noncompetition Covenant," located at the bottom of page 2 of a three page agreement, states:
 "Employee covenants that during the two-year period following termination of this agreement (such period to be extended by any period (s) of violation), Employee will not prepare an income tax return, file a return electronically, or provide any additional or alternative products or services that the company offers in Employee's district of employment for any of the company's clients serviced by Employee, or with whom employee became acquainted by reason of access, knowledge or information gained while employed by the company."
Paragraph 12 (Exhibit 1, p. 3) of the agreement provides that the CT Page 15959 defendant will not solicit, divert or take away clients from HR Block.
That paragraph, labeled "Antisolicitation Covenant," reads:
 "Employee covenants that during the two-year period following termination of this Agreement (such period to be extended by any period (s) of violation), Employee will not solicit, divert or take away, or attempt to solicit, divert or take away, directly or indirectly, any of the Company's clients, those who were serviced by the employee or with whom Employee became acquainted by reason or access to or knowledge of information gained while employed by the Company.
Pursuant to the terms of the employment agreement, the defendant Richard Elia terminated his employment with HR Block on April 18, 2000.
Before commencing his employment with the plaintiff in 1993, Richard Elia had been engaged in the practice of accounting and bookkeeping for 20 years.
He was initially hired by Mark Jurgot, the HR Block district manager in 1993.
Mark Jurgot is still employed by HR Block.
When the final contract (Exhibit 1) was signed in 1999, the district manager signing on behalf of HR Block was Laura Gilmore.
In December of 2000, the plaintiff sent a letter to Richard Elia (Exhibit 3) at his 163 Katherine Drive, Hamden address, where he had resided for three years.
Prior to residing at the Katherine Drive home, Richard Elia lived in New Haven for 10 years.
The December, 2000 letter reminded the defendant of the provisions of the employment agreement.
The letter declared: "for a period of two (2) years after termination of the contract, you agreed that you would neither solicit any of our clients, or prepare income tax returns for any person whose last filed state or federal income tax return was prepared by HR Block" CT Page 15960 (Exhibit 3).
Approximately fourteen months later, in March, 2000, Richard Elia received a second written communication (Exhibit 4), claiming that he had breached the employment agreement.
This action, returnable April 30, 2002, asks relief in the form of a preliminary and permanent injunction, designed to prohibit Richard Elia from providing tax preparation services or soliciting HR Block clients, and to prevent the disclosure of customer information to third parties.
An evidentiary hearing, limited to the claim for temporary injunctive relief, was held on May 7, 2002, before the Honorable Franks S. Meadow.
In a memorandum of decision dated June 12, 2002, Judge Meadow denied the plaintiffs request for an injunction.
Based upon the testimony received at the May 7, 2002 hearing, and his interpretation I of paragraph 11 in Exhibit 1, Judge Meadow determined that the plaintiff had not demonstrated a likelihood of success on the merits of its claim.
In the subsequent trial, the plaintiff argued that it has sustained money damages as a result of a breach of the employment contract, and will sustain additional damages in the future, if injunctive relief is not forthcoming.
The employment agreement, Paragraph 13, provides that in the event of a breach, the plaintiff may recover "all monies and other consideration received as a result of or pursuant to the unauthorized act or acts."
The plaintiff introduced a list of HR Block clients, whose income tax returns the defendant Richard Elia, had prepared during his 1999-2000 employment by the plaintiff (Exhibit 2).
Richard Elia's individual client lists for the years 2000 (Exhibit 5) and 2001 (Exhibit 6) were also introduced, along with cash receipts for those years (Exhibits 7 8).
The plaintiff asks this court to award it $31,108.00, the amount collected by the defendant Richard Elia in 2000 and 2001 (Exhibit 9), and to extend the prohibitions contained in paragraphs 11 and 12 of the employment agreement through April 30, 2004, two years from the return date. CT Page 15961
The defendant claims that the decision rendered by Judge Meadow on the request for a temporary injunction represents the "law of the cause," and requires a judgment in his favor.
The defendant further argues that the noncompetition clause is unenforceable, due to lack of consideration, and that the plaintiff has failed to prove a violation of Paragraph 12, the anti-solicitation clause.
DECISION CONCERNING PRELIMINARY INJUNCTION IS NOT THE LAW OF THE CASE
The defendant argues that Judge Meadow's interlocutory decision rendered following a hearing on the plaintiffs request for a temporary injunction should be followed, and that it represents the "law of the case."
The law of the case is not written in stone, but must be flexible, and sensitive to the peculiar exigencies and circumstances of a particular case. Breen v. Phelps, 186 Conn. 86, 99 (1982).
As Judge Meadow observed during oral argument following his June 12, 2000 written decision: "my finding would not be the law of the case . . . The only person that makes the law of the case is if the final judge agrees with what I say, but he could take any form of I information to make that determination and make that decision." (TR July 22, 2002).
This court agrees with Judge Meadow's characterization of his ruling, and feels free to reconsider any issue raised during the initial hearing, in light of all of the evidence presented at trial, and discovery conducted subsequent to the preliminary hearing. LindenCondominium Assn., Inc. v. McKenna, 247 Conn. 575, 582 n. 9 (1999).
Where the meaning of contract language is plain, the court need not look outside the four corners of the contract. Levine v. Massey,232 Conn. 272, 278 n. 7 (1995); Venture Partners, Ltd. v. SynapseTechnologies, Inc., 42 Conn. App. 109, 113-14 (1996).
The use of the work "or," separating the two phrases in Paragraphs 11 and 12 of the employment agreement, shows that the agreement applies to two categories of people: 1) clients serviced by Richard Elia while in the employ of HR Block, and 2) persons with whom Richard Elia became acquainted by reason of access, knowledge or information gained while in the employ of HR Block. CT Page 15962
The proof, presented at trial, demonstrated that the defendant Richard Elia performed work for individuals in 2000 and 2001, whose prior tax returns had been completed at the H R Block Shelton office.
RESTRICTIVE COVENANT IS ENFORCEABLE AND WAS SUPPORTED BY CONSIDERATION
The defendant claims that the restrictive covenants contained in Paragraphs 11 and 12 of the employment agreement are not supported by consideration, and are otherwise unenforceable.
These arguments are not persuasive.
An anti-competition agreement is enforceable, if the restraint on trade is reasonable. New Haven Tobacco Co. v. Perrelli, 11 Conn. App. 636, 638
(1987). This common law rule requires that the restraint be limited in its operation as to both time and place, and afford no more than a fair and just protection to the interests of the party in whose favor the restriction operates, without interfering with the public interest.Elida, Inc. v. Harmon Realty Corporation, 177 Conn. 218, 226 (1979);Mattis v. Lally, 138 Conn. 51, 54 (1951).
In determining the reasonableness of a restraint imposed by a covenant contained in an employment agreement, five (5) factors must be considered: 1) the length of time the restriction operates, 2) the geographical area covered by the restriction, 3) the degree of protection afforded the interest of the employer, the party in whose favor the covenant operates, 4) the extent of the restraint on the employee's opportunity to pursue his occupation, and 5) the extent of the interference with the public interest. Robert S. Weiss Associates,Inc. v. Wiederlight, 208 Conn. 525, 529 n. 2 (1988); Scott v. GeneralIron Welding Co., 171 Conn. 132, 137 (1976).
This agreement, if limited to the two year time frame exclusive of the parenthetical language in Paragraphs 11 and 12, meets the test of reasonableness.
The length of time encompassed by the restriction, two years, is reasonable; New Haven Tobacco Co. v. Perrelli, supra, 637; and the geographic area involved is limited to the plaintiffs New Haven District, the district in which Richard Elia was employed.
The plaintiff has not sought to restrain the defendant from practicing his occupation in the State of Connecticut, or in the New England Region. CT Page 15963
While both of the paragraphs protect the plaintiffs client base, they do not seek to insulate HR Block from all competition, by prohibiting the defendant from preparing tax returns, or engaging in bookkeeping or other activities.
The class of persons encompassed within the restriction, HR Block clients including those serviced by Richard Elia and those with whom he become acquainted through HR Block, is narrow, and specific.
The clauses do not impose any per se prohibition on the defendant's practice of any trade, profession or occupation, and no interference with the public interest is involved.
It is therefore found that the anti-competition clause contained in Exhibit 1 (Paragraph 11), and the anti-solicitation clause (Paragraph 12), are enforceable, and meet the test of reasonableness.
The defendant's claim that Exhibit 1 is not supported by consideration, is unavailing.
Each year, beginning with the initial year of seasonal employment in 1993, running through the defendant's final tax preparation season in 1999-2000, the defendant signed a new employment agreement.
Exhibit 1, signed on November 20, 1999, and expiring by its express terms on April 18, 2000, was supported by consideration, notwithstanding any events or representations which took place six years earlier.
The defendant's reliance on Secondino v. New Haven Gas Co.,147 Conn. 672, 675 (1960), is also misplaced.
Although Mark Jurgot was the district manager for the plaintiff in 1993, when the defendant was initially employed, and he is still employed by HR Block, any testimony he might have provided would have been both redundant, and unnecessary.
Laura Gilmore was the district manager who signed Exhibit 1 on behalf of HR Block.
She testified, and was cross examined.
There is no indication that the defendant attempted to subpoena Mark Jurgot, or to solicit testimony from him.
No inference, favorable or unfavorable, may be drawn from the failure CT Page 15964 of either party to call Mark Jurgot as a witness.
PLAINTIFF IS NOT ENTITLED TO INJUNCTIVE RELIEF. OR EXTENSION OF THETWO YEAR TERM
The plaintiff, H R Block, seeks to extend the non-competition and non-solicitation provisions of Exhibit 1 beyond April 18, 2002, through resort to parenthetical language inserted in both Paragraphs 11 and 12 of the employment agreement.
The language by which the extension is sought reads: "(such period to be extended by any period (s) of violation)."
The plaintiff contends that application of the parenthetical language to extend the life of Paragraphs 11 and 12 beyond two years is reasonable, given its need to protect a client base, and to recoup clients who may have been lost due to a breach of the agreement.
HR Block argues that the proposed extension is reasonable in light of the interest sought to be served, and that injunctive relief is warranted.
In seeking to extend the life of the agreement, the plaintiff desires to transform a definite two-year time frame, into an open-ended opportunity to initiate legal action.
Theoretically, by using the language contained in the two paragraphs, legal action could be initiated at any future date selected by the plaintiff, in that the "violations" are continuing.
As the plaintiff correctly points out, contract extensions are not invalid in all cases. However, any extension must be reasonable as to length of time, in order to be enforceable. New Haven Tobacco Co. v.Perrelli, supra, 638.
Van Dyck Printing Co. v. DiNicola, 43 Conn. Sup. 191 (1993), does not lend support to the plaintiffs position.
In that case, the clause provided for an extension of the original one year term, but did so for a definite time period: "Should employee breach any of the provisions of this paragraph, said twelve month period shall be lengthened to a twenty-four month period and shall be enforceable for such twenty-four month period by an injunction. Van Dyck Printing Co. v.DiNicola, supra, 193-94. CT Page 15965
Therefore, the extension in Van Dyck Printing Co. produced a cumulative period of two-years, the initial period provided by Exhibit 1, in the absence of an extension.
The court finds that the extension sought by the plaintiff would render the length of time for both Paragraphs 11 and 12 unreasonable, and the extension is therefore unenforceable.
It is found that prospective relief, by way of an injunction, should be denied.
FINDING
It is found, that the defendant Richard Elia breached Paragraph 11 of the employment agreement (Exhibit 1), in that he prepared income tax returns during 2001 and 2002 for persons he had serviced while employed by the plaintiff, HR Block Eastern Tax Service, Inc.
It is found, that the defendant Richard Elia breached Paragraph 12 of the employment agreement (Exhibit 1), in that he diverted or took away from the plaintiff, HR Block Eastern Tax Service, Inc., clients serviced by him while he was employed by HR Block.
It is found, that the defendant Richard Elia prepared tax returns for 116 HR Block clients during 2001, and 108 clients during 2002.
It is found that the Plaintiff is entitled to recover, pursuant to the employment agreement (Exhibit 1 Paragraph 13), "All monies and other consideration received as a result of or pursuant to the unauthorized act or acts" committed by Richard Elia.
It is found that the defendant Richard Elia received a total of $31,108 as a result of his breach of the employment agreement during 2001 and 2002 (Exhibits 7, 8 9).
 CONCLUSION
Judgment may enter in favor of the plaintiff, HR Block Easter Tax Service, Inc., in the amount of $31,308.00, based upon the defendant's breach of Paragraphs 11 and 12 of the employment agreement (Exhibit 1), plus costs.
The plaintiffs claim for injunctive relief is denied.
Radcliffe, J. CT Page 15966
[EDITORS' NOTE: This page is blank.] CT Page 15967