NEW HAVEN TOBACCO COMPANY, INC. *v.* FRANK P. PERRELLI
(6575)

DUPONT, C. J., STOUGHTON and NORCOTT, Js.

Argued March 9—decision released June 6, 1989

*Randall B. Chapnick,* for the appellant (plaintiff).
*Paul M. Sabetta,* for the appellee (defendant).

DUPONT, C. J. The plaintiff appeals from the judgment of the trial court invalidating as unreasonable a restrictive covenant contained in an employment contract signed by the plaintiff and the defendant. We find error.

The following facts are undisputed. In December, 1980, the plaintiff, a wholesale tobacco business, and the defendant entered into an employment contract that contained the following covenant: "Because of the importance and value of the information disclosed to the Employee, as part of the consideration for his employment, the Employee agrees that he will not directly or indirectly sell products similar to those of the Employer to any of the customers that he has dealt with or has discovered and become aware of while in the employ of the Employer for a period of twenty-four months from the termination of his employment."

The defendant voluntarily terminated his employment relationship with the plaintiff in November, 1981. Shortly thereafter, the defendant opened his own wholesale tobacco business and sold "products similar to those of the Employer" to certain customers of the plaintiff within the twenty-four month period of the restrictive covenant.

The plaintiff subsequently brought an action against the defendant seeking money damages and injunctive relief.[1] The trial court, *Hadden, J.,* denied the plain-

---

[1] The plaintiff subsequently revised its complaint to eliminate the claim for injunctive relief.

tiff's application for à temporary injunction. The plaintiff appealed to the Supreme Court, which dismissed the appeal suo motu, on the ground that an appeal taken from the denial of a temporary injunction is not taken from a final judgment.

The Supreme Court remanded the case to the trial court and, after trial, the court, *Reynolds, J.*, rendered judgment for the defendant on the ground that the covenant interfered with the public interest. The plaintiff appealed the decision to this court, claiming that the trial court erred as a matter of law in holding that the covenant was unenforceable. Because the trial court invalidated the covenant on the ground that it restricted the public interest, without determining whether the restriction was reasonable, we found error and remanded the case to the trial court for evaluation of the covenant under the criteria set forth in *Scott* v. *General Iron & Welding Co.*, 171 Conn. 132, 368 A.2d 111 (1976). *New Haven Tobacco Co.* v. *Perrelli,* 11 Conn. App. 636, 528 A.2d 865 (1987).

On remand, the trial court again invalidated the covenant concluding that it was unreasonable because it lacked a geographic limitation and because it unduly interfered with the public interest. The plaintiff has again appealed, claiming that the trial court erred in invalidating the covenant.

A covenant that restricts the activities of an employee following the termination of his employment is valid and enforceable if the restraint is reasonable. *Scott* v. *General Iron & Welding Co.*, supra, 137. There are five criteria by which the reasonableness of a restrictive covenant must be evaluated: (1) the length of time the restriction is to be in effect; (2) the geographic area covered by the restriction; (3) the degree of protection afforded to the party in whose favor the covenant is made; (4) the restrictions on the employee's ability to

pursue his occupation; and (5) the extent of interference with the public's interests. Id., 137–38. The five prong test of *Scott* is disjunctive, rather than conjunctive; a finding of unreasonableness in any one of the criteria is enough to render the covenant unenforceable. *New Haven Tobacco Co.* v. *Perrelli*, supra, 639 n.2.

In the present case, the trial court concluded that the restrictive covenant was unreasonable with respect to the second and fifth prongs of *Scott,* finding that the covenant lacked any geographic limitation and unduly interfered with the public's interests. The trial court reasoned that because the covenant did not specify the geographic area covered by the restriction, the geographic scope of the covenant was unlimited and thus unreasonable. We disagree.

The application of a restrictive covenant must be confined to a geographic area that is reasonable in view of the particular situation. *Scott* v. *General Iron & Welding Co.,* supra, 138. "A restrictive covenant which protects the employer in areas in which he does not do business or is unlikely to do business is unreasonable with respect to area." Id.

The trial court's conclusion that the lack of an explicit geographic limitation rendered the covenant unreasonable with respect to area misconstrues the nature and operation of the particular covenant at issue. The covenant is not an anticompetitive covenant that restricts an employee from engaging in the same business as the employer in a given geographical area and prohibits the employee from doing business with all consumers of the service located in that area. Instead, the covenant at issue imposes an antisales restriction that prevents the employee from transacting business with only a specified group of consumers, namely, the customers of the former employer.

An antisales restriction, as opposed to an anticompetitive restriction, is by its nature limited to a definite geographic area.[2] See *Robert S. Weiss & Associates, Inc.* v. *Wiederlight*, 208 Conn. 525, 531, 546 A.2d 216 (1988). The geographic area affected by an antisales covenant is limited to that area in which the customers of the former employer are located, and the restriction, even within that area, applies only to those customers.

In *Wiederlight,* our Supreme Court specifically rejected the contention that the antisolicitation and antisales restriction at issue in that case was unreasonable as to geographic area because it lacked, as does the present covenant, an explicit geographic limitation. Id., 531–32. In that case, the employer was doing business throughout Fairfield county and in New York.

In the present case, the plaintiff's market, and thus its protected customer list, are local and limited to the greater New Haven area. Thus, although the covenant does not contain an explicit geographic limitation, the covenant is in fact limited to a reasonable geographic area.

---

[2] The fact that the restrictive employment covenant at issue is an antisales covenant, rather than an antisolicitation covenant, does not automatically render it unenforceable. Although, as we noted in our previous opinion in this case, an antisales covenant, which prohibits an employee from transacting business with customers of the former employer, imposes a greater burden on the public interest than an antisolicitation covenant, which prohibits only the solicitation of such customers, an antisales covenant may be valid if it is reasonable with respect to the five criteria of *Scott* v. *General Iron & Welding Co.,* 171 Conn. 132, 137–38, 368 A.2d 111 (1976). *New Haven Tobacco Co.* v. *Perrelli,* 11 Conn. App. 636, 639–40, 528 A.2d 865 (1987). In *May* v. *Young,* 125 Conn. 1, 2 A.2d 385 (1938), a restrictive covenant was held valid despite the fact that it prevented the employee from entering into the employ of any client of the former employer. Similarly, in *Robert S. Weiss & Associates, Inc.* v. *Wiederlight,* 208 Conn. 525, 546 A.2d 216 (1988), the covenant that was held valid prohibited the employee from soliciting or selling to customers of the plaintiff employer.

The trial court also concluded that the restrictive covenant was invalid and unenforceable because the covenant unreasonably interfered with the interests of the public.

In our previous opinion in this case, we set out factors for evaluating whether a restrictive employment covenant unreasonably interferes with the interests of the public. *New Haven Tobacco Co.* v. *Perrelli,* supra, 640–42. In order for such interference to be reasonable, it first must be determined that the employer is seeking to protect a legally recognized interest, and then, that the means used to achieve this end do not unreasonably deprive the public of essential goods and services. Id., 642.

In determining whether a restrictive covenant unreasonably deprives the public of essential goods and services, the reasonableness of the scope and severity of the covenant's effect on the public and the probability of the restriction's creating a monopoly in the area of trade must be examined. Id., 641.

In the present case, the trial court correctly recognized that the interest sought to be protected by the plaintiff, that is, its clientele, is a legally protected interest. An employer possesses a proprietary right to his customers that he is entitled to protect for a reasonable time. *May* v. *Young,* 125 Conn. 1, 7, 2 A.2d 385 (1938). The trial court concluded, however, that the covenant unreasonably interfered with the public interest because the lack of an explicit geographic limitation rendered the covenant unreasonable with respect to its scope and would permit the plaintiff to maintain a monopoly. We disagree.

The trial court reasoned that because the covenant lacked an explicit geographic limitation, an unrestricted section of the population would be prohibited from transacting business with the defendant. As we noted

above, however, the covenant is, in fact, geographically limited to that area in which the customers of the plaintiff are located. Moreover, even within that geographic area, the defendant is prohibited from transacting business only with the customers of the plaintiff's wholesale tobacco business with whom he had dealt or whose identity he had discovered while he was employed by the plaintiff. The fact that the defendant is prohibited from doing business with this limited group of individuals does not support the trial court's conclusion that an unrestricted section of the populace would be affected by the covenant.

The trial court also concluded that the lack of a geographic limitation supported an inference that the plaintiff was trying to maintain a monopoly in the wholesale tobacco business. No evidence was presented concerning the market share of either party. The record contains no support for the conclusion that the plaintiff was attempting to create or maintain a monopoly in the wholesale tobacco business. Because the covenant was reasonably limited as to geographic area, there was no basis from which the trial court could draw an inference, even if such an inference were permissible, that the plaintiff was attempting to maintain a monopoly.

Because the protection of customers is a legally recognized interest and because the covenant is not unreasonable with respect to the scope of its effect on the public interest and there is no evidence to indicate that it would permit the plaintiff to create or maintain a monopoly, we conclude that the covenant does not unreasonably interfere with the public's interests.

In order for a covenant to be valid and enforceable, it must be reasonable with respect to all five criteria set forth in *Scott* v. *General Iron & Welding Co.,* supra. Thus, we also must evaluate the reasonableness of the covenant with respect to the time limitation of the covenant, the

restriction imposed on the employee's ability to pursue his occupation and the degree of protection afforded to the employer by the covenant. We conclude that the covenant is also reasonable with respect to these criteria.

The covenant prevents the defendant from transacting business with customers of the plaintiff for a period of two years after leaving the plaintiff's employ. Such a two year restriction is clearly reasonable. See *Robert S. Weiss & Associates, Inc.* v. *Wiederlight,* supra (two year restriction upheld); *Scott* v. *General Iron & Welding Co.,* supra (five year restriction upheld); *May* v. *Young,* supra (two year restriction upheld).

As to the remaining criteria, the protection of an employer's interest in his customers through the use of similar covenants restricting an employee from entry into the employ of or selling to or soliciting an employer's customers, has been held reasonable with respect to both the degree of protection afforded an employer and the restriction placed on an employee's pursuit of his or her occupation. See *Robert S. Weiss & Associates, Inc.* v. *Wiederlioht,* supra; *May* v. *Young,* supra.

Because the restrictive employment covenant at issue is reasonable with respect to the five *Scott* criteria, and thus valid and enforceable, we conclude that the plaintiff is entitled to enforcement of the covenant and that the trial court erred in rendering judgment for the defendant.

There is error, the judgment is set aside and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.