[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Wind corporation, former employer of the defendant Steven B. Schoenfeld, seeks a temporary injunction, General Statutes 52-471, enjoining him from acting as a salesman for Locetc Corporation ("Loctec"), selling products similar to those sold by the plaintiff corporation. Plaintiff also sues Victor R. Anderson, the principal owner of Loctec, for tortious interference with the contractual obligations of Schoenfeld to the plaintiff corporation.
The defendant Schoenfeld began working with the plaintiff corporation, which specializes in importing and selling furniture and industrial hardware, as a salesman in February 1981, and later became sales manager. The plaintiff claims that the defendant signed an agreement containing a CT Page 756 covenant in which he agreed not to act as a salesman for a competitor for one year after his employment terminated with the plaintiff.
Mr. Schoenfeld left his employment with Wind Corporation on or about February 28, 1990, and immediately thereafter went to work for Loctec, a competitor of Wind Corporation. The principal of this company is Mr. Anderson, who had been, until January 1990, a fifty per cent owner of the plaintiff corporation. He and Werner E. Wind, the president as well as the other fifty per cent owner of the corporation, signed an agreement terminating Mr. Anderson's relationship with the plaintiff corporation, and providing that Mr. Wind would buy Mr. Anderson's interest in the corporation. The agreement also permitted Mr. Anderson to take with him much of the plaintiff corporation's business information, including customer lists, pricing data and existing contracts, with full acknowledgment that Mr. Anderson would in fact be creating a competitor.
Restrictive covenant cases concerning employment agreements seem to almost alway involve an analysis of whether the restrictions are reasonable. See Scott v. General Iron Welding Co., 171 Conn. 132, 137, 368 A.2d 111
(1976), and more recently Robert S. Weiss Associates v. Wiederlight, 208 Conn. 525, 533, 546 A.2d 216 (1988), and New Haven Tobacco Co v. Perrelli, 18 Conn. App. 531, 533,559 A.2d 715 (1989).
The threshold issue, however, in this case is whether or not Mr. Schoenfeld actually signed an employment agreement. We start with the fact that no such document was introduced into evidence. The plaintiff claims that the reason for the inability to do so is that Mr. Schoenfeld, who had access to the personnel files, removed the agreement before leaving the plaintiff's employment.
Some of the evidence at the hearing could lead one to conclude reasonably that the defendant Schoenfeld had in fact signed a restrictive covenant. Mr. Wind testified that he saw him sign such a document. Mr. Schoenfeld was careful not to deny that he had signed such an agreement, but testified only that he did not remember ever doing so. In addition, a Don Christianson, a former employee of Wind Corporation, testified that Mr. Schoenfeld had told him that he, Schoenfeld, had signed such an agreement. Also, another salesman, Joseph Butler, who was hired by the plaintiff at the same time as the defendant Schoenfeld, signed an employment agreements, plus, of course, no such document or copy thereof was introduced into evidence. Moreover, in CT Page 757 April of 1990 Mr. Wind wrote Mr. Anderson complaining that Steven Schoenfeld had misappropriated company property when he left Wind Corporation, but did not mention a restrictive covenant in the letter.
Thus on balance, I have concluded that the evidence is very even, some evidence leading one to infer that such an agreement had been signed, but other evidence pointing in an opposite direction. Since the plaintiff has the burden of proving by a preponderance of the evidence that such an agreement exists, I am denying the motion for a temporary injunction because the evidence is too evenly balanced at this point to conclude that the plaintiff has sustained its burden of proof. Doublewal Corporation v. Toffolon,195 Conn. 384, 392, 488 A.2d 444 (1985).
Accordingly, since the existence of the employment agreement document has not been proved satisfactorily, the motion for a temporary injunction is denied.
So Ordered.
Dated at Stamford, Connecticut, this 1st day of August, 1990.
WILLIAM B. LEWIS Judge of the Superior Court