[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
FACTS
The plaintiff, Building Inspections, Inc., filed this action on January 14, 1997, seeking a temporary injunction to prevent the defendant, Julius Paris, from operating a competing business. The complaint alleges that the plaintiff and defendant entered into a written contract (attached to the complaint as exhibit A), which included a restrictive covenant. In the contract, the defendant agreed to the following: CT Page 1373
 "I understand that the job referrals generated for me by Building Inspections, Inc. are the result of marketing efforts and the reputation and good name of Building Inspections, Inc. I agree that during my association with Building Inspections, Inc. and for a period of two years after my last job referral, I shall not directly or indirectly, for myself or on behalf of, or in conjunction with any other person, persons, partnership or corporation, own, maintain, engage in or participate in the operation of a competing business. A competing business is defined as a sole proprietor, partnership or corporation that provides similar services as Building Inspections, Inc. I acknowledge that I have previously worked in and been gainfully employed in other fields, and that this non-compete agreement in no way prevents me from earning a living in a separate field of employment."
Pursuant to Practice Book § 152, the defendant filed this motion to strike the plaintiff's complaint on February 10, 1997. The defendant moves to strike the complaint on three separate grounds. First, the alleged contract relied upon by the plaintiff is unenforceable because it is not supported by consideration. Second, the alleged contract is unreasonable and unenforceable because it is unrestricted as to geographic area. Third, the covenant not to compete contained in the alleged contract is unenforceable because it is not ancillary to a contract for the transfer of good will or some other subject of property or to an existing employment or contract of employment.
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint, counterclaim, or cross complaint to state a claim upon which relief can be granted." Waters v. Autuori, 236 Conn. 820, 825, 676 A.2d 357
(1996). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint"; Id.; and the grounds specified in the motion. Blancato v. Feldspar Corp.,203 Conn. 34, 44, 522 A.2d 1235 (1987). "The motion to strike admits all facts well pleaded." Mingachos v. Central Broadcasting Systems,Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). "It does not admit legal conclusions or the truth or accuracy of opinions stated in CT Page 1374 the pleadings." Novametrix Medical Systems, Inc. v. BOC Group,Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992). "The court must construe the facts in the complaint most favorably to the plaintiff." Waters v. Autuori, supra, 236 Conn. 825. "The allegations of the pleading involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." Clohessy v. Bachelor, 237 Conn. 31,33 n. 4, 675 A.2d 852 (1996).
This court will begin its analysis by addressing the defendant's second ground for striking the plaintiff's complaint. A covenant that restricts the activities of an employee following the termination of his employment is valid and enforceable if the restraint is reasonable. Scott v. General Iron Welding Co.,171 Conn. 132, 137, 368 A.2d 111 (1976). "The five factors to be considered in evaluating the reasonableness of a restrictive covenant ancillary to an employment agreement are: (1) the length of time the restriction operates; (2) the geographic area covered; (3) the fairness of the protection accorded to the employer; (4) the extent of the restraint on the employee's opportunity to pursue his occupation; and (5) the extent of interference with the public' s interests. Scott v. General Iron Welding Co., 171 Conn. 132, 137, 368 A.2d 111 (1976); New HavenTobacco Co. v. Perrelli, 11 Conn. App. 636, 638-39, 528 A.2d 685
(1987)." Robert S. Weiss Associates, Inc. v. Wiederlight,208 Conn. 525, 529 n. 2, 546 A.2d 216 (1988). "The five prong test of Scott is disjunctive, rather than conjunctive; a finding of unreasonableness in any one of the criteria is enough to render the covenant unenforceable." New Haven Tobacco Co. v. Perrelli,18 Conn. App. 531, 534, 559 A.2d 715, cert. denied 212 Conn. 809,564 A.2d 1071 (1989).
"The application of a restrictive covenant must be confined to a geographic area that is reasonable in view of the particular situation. Scott v. General Iron Welding Co., supra, 138. `A restrictive covenant which protects the employer in areas in which he does not do business or is unlikely to do business is unreasonable with respect to the area.' Id." New Haven TobaccoCo. v. Perrelli, supra, 18 Conn. App. 534.
The covenant in question fails because there is no limitation to the geographical area which the covenant applies. It includes not only areas where the plaintiff's business CT Page 1375 operates but it also theoretically includes the entire state of Connecticut.
The plaintiff, however, argues that the covenant is limited to areas in which the plaintiff does business. The plaintiff cites New Haven Tobacco Co. v. Perrelli, supra, as an instance where a covenant that did not contain an explicit geographical limitation was found to be limited to a reasonable area. In that case the restrictive covenant prohibited the defendant from selling products similar to those sold by the plaintiff to any customers he had dealt with or become aware of during his employment with the plaintiff for a period of two years after the termination of his employment. The Appellate Court held that "[t]he covenant is not an anticompetitive covenant that restricts an employee from engaging in the same business as the employer in a given geographical area and prohibits the employee from doing business with all consumers of the services located in that area. Instead, the covenant at issue imposes an antisales restriction that prevents the employee from transacting business with only a specified group of consumers, namely, the customers of the former employer." Id., 534. "An antisales restriction, as opposed to an anticompetitive restriction, is by its nature limited to a definite geographic area." Id., 535. Since the restrictive covenant in this case is not an antisales restriction, New HavenTobacco is inapplicable.
The plaintiff also argues that the geographical area is limited to the counties of Hartford, Litchfield, New Haven and Middlesex. There is no language in the restrictive covenant to suggest that the covenant is limited to these four counties. The plaintiff apparently wishes to amend the contract so as to limit the geographical area to these counties. "The court has no authority to rewrite the parties' contract. See Bank of BostonConnecticut v. Schlesinger, 220 Conn. 152, 595 A.2d 872 (1991)."Breiner v. Vin's Key Club, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 145699 (April 17, 1996, D'Andrea, J.).
Furthermore, the lack of a limiting geographic area distinguishes this case from other cases where the courts have found a two year restriction to be valid. See Robert S. Weiss Associates, Inc. v. Wiederlight, supra (upholding a covenant not to compete that prevented an employee from soliciting former clients and from working within ten miles of Stamford, Connecticut); Torrington Creamery, Inc. v. Davenport,
CT Page 1376126 Conn. 515, 12 A.2d 780 (1940) (upholding a covenant not to compete that restricted an employee from working in ten towns where the employer did business); May v. Young, 125 Conn. 1, 2 A.2d 385
(1938) (upholding a covenant not to compete that restricted an employee from working for any of the employer's clients for two years).
For the foregoing reasons, this court finds that the restrictive covenant is unenforceable. Since the motion to strike can be granted on the above mentioned ground, this court will not address the defendant's first and third grounds for their motion to strike. Accordingly, the defendant's motion to strike the plaintiff's complaint is granted.
HON. WALTER M. PICKETT, JR.State Judge Referee