[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONRE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT NO. 109AND DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The plaintiff, Nemeth/Martin Personnel Consulting, Inc., filed this breach of contract action against the defendants, Starter Corporation and David Montesi.[1] The plaintiff is in the business of supplying computer consultants to companies that require computer services. On or about May 26, 1993, the plaintiff and Starter entered into a written contract ("Client Agreement") in which the plaintiff agreed to provide Starter with the services of one of its consultants. (Plaintiff's Memorandum of Law In Support of Its Motion For Summary Judgment, Ex. A: Client Agreement.) The agreement contains a covenant of non-competition which states that Starter "recognizes that Nemeth/Martin's representative is a sub-contractor of Nemeth/Martin and agrees that for a period of one (1) year after CT Page 64 the expiration of this Agreement or a renewal(s) of this Agreement, that it will not contract for its representative's services, either on a temporary or permanent basis, other than through Nemeth/Martin even if there are intervals of time between contracts."
On or about May 28, 1993, the plaintiff and Montesi entered into a separate written contract ("Consultant Agreement") in which the plaintiff agreed to engage Montesi to provide consulting services for Starter. (Plaintiff's Memorandum In Support, Ex. B: Consultant Agreement.) This agreement also contains a covenant of non-competition. The covenant provides that "[t]he Consultant [Montesi] agrees that the Client named in this Agreement [Starter] is a client of Nemeth/Martin. Once the name of the client is revealed to the Consultant and for a period of one year thereafter, whether or not the services of the Consultant are engaged by Nemeth/Martin, it shall not compete with Nemeth/Martin in any manner, either directly or indirectly, whether for compensation or otherwise, or assist any other person or entity to compete with Nemeth/Martin with this Client or any other client revealed to the Consultant with which Nemeth/Martin does business or has reasonable expectations of doing business. The Consultant specifically agrees that it will not solicit or accept business or employment from the Client or engage in a like or similar profession or occupation at a facility operated by the Client or by the Consultant or by any affiliate of the Client."
"The Consultant further agrees that while engaged by Nemeth/Martin and for a period of one year thereafter, regardless of the reason for termination, it shall not compete with Nemeth/Martin in any manner, either directly or indirectly, whether for compensation or otherwise, or assist any other person or entity to compete with Nemeth/Martin with this Client or any other client revealed to the Consultant with which Nemeth/Martin does business or has reasonable expectations of doing business. The Consultant specifically agrees that it will not solicit or accept business or employment from the Client or engage in a like or similar profession or occupation at a facility operated by the Client or by the Consultant or by any affiliate of the Client."
Pursuant to these agreements, Montesi provided consulting services to Starter from June of 1993 to July of 1995. (Plaintiff's Memorandum In Support, Affidavit of Patricia Nemeth, ¶ 7.) On or about July 14, 1995, Starter informed the plaintiff that it no longer required Montesi's services. CT Page 65 (Plaintiff's Memorandum In Support, Ex. E: Answer of Starter, ¶ 7; Starter's Objection To Plaintiff's Motion For Summary Judgment, Affidavit of Johnny L. Edwards, Jr., ¶ 3.) Approximately two months later, Starter and Montesi entered into a written employment contract ("Starter Agreement") that did not include the plaintiff. (Starter's Objection, Exhibit B: Starter Agreement.) Pursuant to this contract, Montesi provided computer services to Starter from September 19, 1995 to December 14, 1995. (Plaintiff's Memorandum In Support, Ex. C: Montesi's responses to Plaintiff's Interrogatories ¶¶ 6-7; See Starter's Objection, Affidavit of Edwards, ¶¶ 5-8.) The plaintiff filed the present action after it discovered that Montesi was providing consulting services to Starter without the consent or involvement of the plaintiff. Counts one and two of the plaintiff's complaint assert breach of contract claims against Starter and Montesi respectively. The plaintiff now moves for summary judgment as to counts one and two. Starter moves for summary judgment as to the first count.
A motion for summary judgment shall be granted "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as matter of law." (Internal quotation marks omitted.) Hammer v. Lumberman's Mutual CasualtyCo., 214 Conn. 573, 578, 573 A.2d 699 (1990). The movant has the burden of demonstrating the absence of any genuine issue of material fact. Gupta v. New Britain General Hospital,239 Conn. 574, 582, 687 A.2d 111 (1996). "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . ." (Internal Quotation marks omitted.) Home Ins. Co. v. Aetna Life Casualty Co.,235 Conn. 185, 202, 663 A.2d 1001 (1995). "Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Alterations in original; internal quotation marks omitted.) Id. Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. UnitedTechnologies Corp. , 233 Conn. 732, 751, 660 A.2d 810 (1995).
The plaintiff moves for summary judgment as to counts one and two on the ground that there is no genuine issue of material fact CT Page 66 and the plaintiff is entitled to judgment as a matter of law. In support of its motion, the plaintiff has submitted a memorandum of law, the three aforementioned contracts, Montesi's responses to the plaintiff's interrogatories and request for production, the answers of both defendants, and affidavits from a director of the plaintiff, Patricia Nemeth, and the attorney for the plaintiff, William T. Blake, Jr. In response, Montesi has submitted only a memorandum in opposition. Starter has filed its own motion for summary judgment as well as an objection to the plaintiff's motion and an accompanying memorandum of law. Attached to Starter's memorandum is the Client Agreement, the Starter Agreement, and an affidavit from Starter's manager of technology, Johnny L. Edwards, Jr.
Montesi admits that he signed the Consultant and Starter Agreements and that he worked for Starter without the consent or involvement of the plaintiff from September 19, 1995 to December 14, 1995. (Plaintiff's Memorandum In Support, Exhibit F: Montesi's Answer; Ex. C: Montesi's Responses To Plaintiff's Interrogatories, ¶¶ 6-9; Ex. D: Montesi's Responses To Plaintiff's Request For Production: ¶ 1.) Montesi argues, however, that the plaintiff has failed to show that the non-competition clause in the Consultant Agreement is enforceable. Montesi has not submitted any evidence in support of his argument. Nor has he provided any reasons as to why the covenant might be unenforceable.
"A covenant that restricts the activities of an employee following the termination of his employment is valid and enforceable if the restraint is reasonable." New Haven TobaccoCo. v. Perrelli, 18 Conn. App. 531, 533, 559 A.2d 715 (1989). See also Scott v. General Iron Welding Co., 171 Conn. 132,137, 368 A.2d 111 (1976). In order to determine whether the non-competition covenant is reasonable, the court must consider the following five factors: "(1) the length of time the restriction is to be in effect; (2) the geographic area covered by the restriction; (3) the degree of protection afforded to the party in whose favor the covenant is made; (4) the restrictions on the employee's ability to pursue his occupation; and (5) the extent of interference with the public's interests." New Haven TobaccoCo. v. Perrelli, supra, 18 Conn. App. 533-34; Scott v. GeneralIron Welding Co., supra, 171 Conn. 137.
The evidence before the court reveals that the non-competition covenant is reasonable. The covenant only restricts CT Page 67 the activities of Montesi for one year following the termination of his employment. A one year restriction is clearly reasonable. See Scott v. General Iron Welding Co., supra, 171 Conn. 140
(five year restriction held reasonable); New Haven Tobacco Co.v. Perrelli, supra, 18 Conn. App. 538 (two year restriction held reasonable).
The geographic area covered by the restriction is also reasonable. "A restrictive covenant which protects the employer in areas in which he does not do business or is unlikely to do business is unreasonable with respect to area." Scott v. GeneralIron Welding Co., supra, 171 Conn. 138. The Connecticut Supreme Court has considered a restriction that prohibited a former employee from soliciting his employer's customers that existed when the employee was terminated. Robert S. Weiss Associates, Inc. v. Wiederlight, 208 Conn. 525, 531-32,546 A.2d 216 (1988). This restriction was held to be reasonable because it protected the employer only in areas where it did business. Id. The covenant in the present case is similar in that it merely provides that Montesi shall not do business with Starter or any other client revealed to Montesi that the plaintiff does business with or has a reasonable expectation of doing business with. The restriction is therefore reasonable because it does not protect the plaintiff in areas in which it is unlikely to do business. Moreover, "the protection of an employer's interest in his customers through the use of similar covenants restricting an employee from entry into the employ of or selling to or soliciting an employer's customers, has been held reasonable with respect to both the degree of protection afforded an employer and the restriction placed on an employee's pursuit of his or her occupation." New Haven Tobacco Co. v. Perrelli, supra,18 Conn. App. 538. See also May v. Young, 125 Conn. 1, 5-7, 2 A.2d 385
(1938).
The final factor to be considered is whether the restrictive covenant unreasonably interferes with the interests of the public. A restrictive covenant must "not unreasonably deprive the public of essential goods and services." New Haven Tobacco Co.v. Perrelli, supra, 18 Conn. App. 536. "In determining whether a restrictive covenant unreasonably deprives the public of essential goods and services, the reasonableness of the scope and severity of the covenant's effect on the public and the probability of the restriction's creating a monopoly in the area of trade must be examined." Id. As noted above, the CT Page 68 non-competition covenant is reasonable in terms of its scope and severity. Therefore, the covenant does not permit the plaintiff to establish a monopoly or in any way unreasonably interfere with the public's interests. See Id., 536-7.
Because the restrictive covenant in the Consultant Agreement is reasonable, the plaintiff's motion for summary judgment as to the second count is granted.
The court will now consider the plaintiff's motion for summary judgment as to the first count of the complaint. Starter admits that it entered into the Client and Starter Agreements and that Montesi worked for Starter without the consent or involvement of the plaintiff. (Plaintiff's Memorandum In Support, Ex. E: Starter's Answer; Starter's Objection, Affidavit of Edwards, ¶¶ 2, 5-8; Ex. A: Client Agreement; Ex. B: Starter Agreement.) Starter argues, however, that its motion should be granted and the plaintiff's motion should be denied because the Client Agreement does not provide for the remedy that the plaintiff seeks. Starter contends that, because the contract provides for damages in the event that Starter hires Montesi as a permanent employee, the plaintiff may not collect damages in this case because Montesi was merely hired as a temporary employee. This argument is meritless. The non-competition covenant clearly prohibits Starter from hiring Montesi as a temporary employee. Nothing in the agreement precludes the plaintiff from seeking traditional breach of contract damages for Starter's breach of this provision.
Starter also contends that the plaintiff rendered performance by Starter impossible. In support of its contention, Starter has submitted an affidavit from its manager of technology, Johnny L. Edwards, Jr. The affidavit states that, about two months after Starter advised the plaintiff that it no longer required Montesi's services, Starter realized that it needed a temporary computer consultant. Consequently, Starter decided to contact Montesi to see if he would be available for this assignment. According to Edwards, Montesi stated that "he would be available for such a temporary assignment; that he had previously terminated his contract with the plaintiff in accordance with its terms, and that under these circumstances it was not necessary for Starter to contract for his services through the plaintiff. Montesi further stated that under no circumstances would the plaintiff be capable of producing him as a `Nemeth Martin representative' within the meaning of the contract in light of CT Page 69 such termination and his determination not to contract further with the plaintiff." Starter argues that, by giving Montesi a right of cancellation, the plaintiff rendered performance by Starter impossible.
This argument is not persuasive. First, it should be noted that Montesi's statements are inadmissible hearsay evidence. "Only evidence that would be admissible at trial may be used to support or oppose a motion for summary judgment." Home Ins. Co.v. Aetna Life Casualty Co., supra, 235 Conn. 202-03. Secondly, Montesi's statements, even if admissible, indicate that Montesi, not the plaintiff, prevented Starter from complying with the covenant. Lastly, Starter could have avoided this predicament had it not decided to terminate the Client Agreement in July of 1995.
Starter's third and final argument is that the covenant is invalid because it violates public policy. As noted above, the restrictive covenant in the Consultant Agreement is reasonable. The covenant in the Client Agreement is less restrictive because it merely prevents Starter from employing Montesi for one year after the termination of the Client Agreement. The covenant, therefore, does not violate public policy.
The plaintiff's motion for summary judgment as to counts one and two is granted. Starter's motion for summary judgment as to count one is denied[2].
Leheny, J.