[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 FACTS
On February 18, 2000, the plaintiff, Photronics, Inc. (Photronics), filed a five-count complaint against the defendants, Wayne DeCarlo (DeCarlo) and DuPont Photomasks, Inc. (DPI). This action arises out of injuries and losses allegedly sustained as a result of DeCarlo's breach of certain employment-related agreements entered into with Photronics, his former employer, prior to and during the course of his employment therewith. Specifically, it is alleged that DeCarlo breached these agreements in connection with his resignation from Photronics on December 23, 1999 and subsequent employment with DPI, commencing sometime thereafter.
Count one of the complaint alleges breach of a non-disclosure agreement against DeCarlo and DPI for utilizing and/or divulging confidential information, subsequent to DeCarlo's resignation, gained while DeCarlo was employed by Photronics. Count two of the complaint alleges a violation of the Uniform Trade Secrets Act, General Statutes § 35-50
et seq., against DeCarlo and DPI for utilizing and/or divulging confidential information, subsequent to DeCarlo's resignation, gained while DeCarlo was employed by Photronics. Count three of the complaint alleges "inevitable disclosure" by DeCarlo for the actual or threatened disclosure to DPI of confidential information, subsequent to his resignation, gained while DeCarlo was employed by Photronics. Count four of the complaint alleges a violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110 et seq., against DeCarlo and DPI for disparaging Photronics' products and utilizing DeCarlo's knowledge of Photronics' pricing, customers and manufacturing strategies in efforts to sell DPI's products. Count five of the complaint alleges breach of an option agreement against DeCarlo for exercising stock options within one year of terminating employment with Photronics and accepting employment with DPI. CT Page 15186-a
On April 20, 2000, DeCarlo filed an answer and counterclaims against Photronics. The first counterclaim alleges that DeCarlo accrued paid vacation time while employed by Photronics and that, upon his resignation, was entitled to payment for any unused vacation balance. It is further alleged that, despite demand, Photronics has refused to pay this balance to DeCarlo. The second counterclaim alleges that DeCarlo earned a $5000 bonus in recognition of his job performance at Photronics for the year immediately preceding his resignation and that this bonus was scheduled to be paid in January, 2000. It is further alleged that, despite demand, Photronics has refused to pay DeCarlo this bonus. The third counterclaim alleges that DeCarlo participated in a Photronics profit sharing and savings plan pursuant to which he provided Photronics written instructions on how to invest the money DeCarlo contributed to the plan. It is alleged that Photronics did not act on DeCarlo's wishes in a timely manner, thereby causing him to suffer monetary damages.
On May 22, 2001, Photronics filed a voluntary withdrawal as to counts one, two, three and four of the complaint, including all claims against DPI. Therefore, count five is the only remaining cause of action.
On June 3, 2002, cross motions for summary judgment were filed by DeCarlo and Photronics, both accompanied by memoranda in support. Photronics moves for summary judgment on the remaining count of the complaint and with respect to the first and second counterclaims. DeCarlo moves for summary judgment on the remaining count of the complaint and as to all three counterclaims.
 DISCUSSION
"Practice Book [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Cunha v. Colon, 260 Conn. 15, 18 n. 6,792 A.2d 832 (2002). "[T]he genuine issue aspect of summary judgment requires the parties to bring forward before trial evidentiary facts, or substantial evidence outside the pleadings, from which the material facts alleged in the pleadings can warrantably be inferred. . . . A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Citation omitted; internal quotation marks omitted.) Buell v. Greater New York Mutual Ins.,259 Conn. 527, 556, 791 A.2d 489 (2002). Summary judgment procedure "is an attempt to dispose of cases involving sham or frivolous issues in a CT Page 15187 manner which is speedier and less expensive for all concerned than a full-dress trial." (Internal quotation marks omitted.) Mac's Car City,Inc. v. American National Bank, 205 Conn. 255, 261, 532 A.2d 1302
(1987).
 I PHOTRONICS' MOTION FOR SUMMARY JUDGMENT
Photronics moves for summary judgment on the remaining count of the complaint and as to the first and second counterclaims.
 A Complaint
The complaint alleges that DeCarlo violated the terms of a stock option agreement he entered into with Photronics pertaining to certain stock options he was awarded in recognition of job performance. It is alleged that DeCarlo violated the terms of the stock option agreement by exercising certain of these options within one year of resigning from Photronics and accepting employment with its competitor, DPI, thereby obligating him to repay any gains realized as a result of his exercising these options.[1]
Photronics moves for summary judgment as to the complaint on the ground that DeCarlo's actions effectuated a forfeiture of his right to exercise the subject stock options. Photronics argues that: (1) DeCarlo entered into stock option agreements containing a forfeiture clause in both 1996 and 1998; (2) the forfeiture clauses provided that they would be triggered when an employee engages in competitive activity within one year of separation from Photronics; (3) the two clauses had retroactive applicability and, thus, affected all stock option grants from Photronics, including ones DeCarlo was awarded in 1994 and 1995; (4) DeCarlo subsequently exercised certain of his 1994 and/or 1995 stock options in June and July, 1999; and (5) DeCarlo triggered the forfeiture clause when he resigned from Photronics and accepted employment with DPI within one year of his exercise of these options. (Photronics' Memorandum of Law in Support of Motion for Summary Judgment, pp. 3, 9.) Photronics argues that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.
DeCarlo counters that (1) anti-competitive restrictive covenants like the forfeiture clause at issue are unenforceable in Connecticut;[2] (2) the language of the forfeiture clause is not clear as to whether it CT Page 15188 applies retroactively; and (3) any modification of previous stock option agreements that Photronics asserts occurred pursuant to the 1996 and 1998 agreements is invalid for lack of consideration. (DeCarlo's Memorandum of Law in Opposition to Photronics' Motion for Summary Judgment, pp. 7-9.)
"Although ordinarily the question of contract interpretation, being a question of the parties' intent, is a question of fact . . . [w]here there is definitive contract language, the determination of what the parties intended by their contractual commitments is a question of law." (Internal quotation marks omitted.) Tallmadge Brothers, Inc. v. IroquoisGas Transmission System, L.P., 252 Conn. 479, 495, 746 A.2d 1277 (2000). "In the absence of [definitive contract] language . . . the determination of what the parties intended to encompass in their contractual commitments is a question of the intention of the parties, and an inference of fact. . . . Because it is an inference of fact, determining the intent of the parties is within the province of the jury. . . ." (Citations omitted; internal quotation marks omitted.) Gaudio v. GriffinHealth Services Corp. , 249 Conn. 523, 533, 733 A.2d 197 (1999). "A question of intent raises an issue of material fact, which cannot be decided on a motion for summary judgment." Picataggio v. Romeo,36 Conn. App. 791, 794, 654 A.2d 382 (1995), citing Suarez v. DickmontPlastics Corp. , 229 Conn. 99, 111, 639 A.2d 507 (1994).
The forfeiture provision at issue, contained in the 1996 and/or 1998 stock option agreements, states that the forfeiture clause applies to "options under this Agreement and any other stock options and stock awards from the Company." (Deposition of Jeffrey Moonan, Deposition Exhibit 2.) The question, therefore, is whether there exists a genuine issue of material fact as to whether the language of this provision is definitive as to its applicability to the 1994 and 1995 stock options at issue.
While the provision does state that it applies to "any other stock options and stock awards from the Company," it does not expressly state that it modifies or supercedes previous stock option agreements and options issued thereunder or that it is retroactively applicable. Therefore, the language of the provision does not definitively indicate that the forfeiture clause affects the stock options at issue. Consequently, the evidence creates an issue of fact as to the plaintiff's intent in making those statements.
"[S]ummary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions." (Internal quotation marks omitted.) Morascini v. Commissioner of Public Safety,
CT Page 15189236 Conn. 781, 809, 236 A.2d 1340 (1996).
Accordingly, there exists a genuine issue of material fact as to the complaint and Photronics' motion for summary judgment is therefore denied.
 B First Counterclaim
The first counterclaim alleges that DeCarlo accrued paid vacation hours during the course of his employment at Photronics and that, upon his resignation, any unused vacation balance should have been paid to him. It is further alleged that, despite demand, Photronics has refused to pay any such balance.
Photronics moves for summary judgment on the first counterclaim on the ground that, at all relevant times, it maintained a resignation policy the terms of which made DeCarlo ineligible to be paid for accrued vacation time. Photronics argues that its resignation policy provides that if an employee leaves the employ of Photronics without providing two weeks notice, the employee will not be paid any accrued benefits. Photronics further argues that DeCarlo did not provide the requisite notice of his resignation. (Photronics' Memorandum, pp. 6-7.) Photronics asserts that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.
DeCarlo counters that, separate from the resignation policy, a vacation policy was in effect at Photronics at the relevant time establishing his entitlement to payment for unused vacation. DeCarlo argues that Photronics' vacation policy provided that unused vacation balances would be paid to an employee regardless of the circumstances of the employee's resignation. DeCarlo also argues that to the extent the vacation and resignation policies are inconsistent, the plaintiff, as drafter, bears the consequences. (DeCarlo's Memorandum, p. 4.) DeCarlo further asserts that even if the resignation policy, rather than the vacation policy, is found to apply to the present case, he provided sufficient notice to Photronics of his intention to resign and that it was unofficial company policy to pay out unused vacation time without regard to the notice policy. (DeCarlo's Memorandum, p. 13.)
Photronics' resignation policy provides that "[a]ll employees are expected to give a two (2) weeks notice of resignation" and that "[n]o accrued benefits will be paid to an employee who leaves without notice." (Deposition of Jeffrey Moonan, Deposition Exhibit 6.) Photronics' CT Page 15190 vacation policy provides that "unused vacation balances will be paid to employees at termination of employment, whether voluntary or involuntary. Pay will be computed on the rate earned at termination." (Deposition of Jeffrey Moonan, Deposition Exhibit 6.)
"When a contract provision is unambiguous, its interpretation presents an issue of law for determination by the court. . . . When, however, a contract provision is ambiguous or contract provisions are internallyinconsistent, a question of fact is involved." (Citation omitted; emphasis added.) Bank of Boston Connecticut v. Avon Meadow Associates,40 Conn. App. 536, 540, 671 A.2d 1310, cert. denied, 237 Conn. 905,674 A.2d 1329 (1996) (concluding that presence of two inconsistent clauses in a contract calls for determination of parties' intent).
In the present case, there is an inconsistency between the resignation policy and the vacation policy with respect to payment of unused vacation balances. "This cases therefore calls for the determination of what the parties intended when they entered into the agreement containing inconsistent and conflicting clauses." Bank of Boston Connecticut v. AvonMeadow Associates, supra, 40 Conn. App. 540. "A question of intent raises an issue of material fact, which cannot be decided on a motion for summary judgment." Picataggio v. Romeo, supra, 36 Conn. App. 794.
Furthermore, even if this court determined that the resignation policy is the operative policy, there remains a genuine issue of material fact as to whether DeCarlo complied with its terms by providing adequate notice of his resignation. DeCarlo maintains that if the resignation policy is found to be the operative policy, he satisfied its requirements by providing Photronics with two weeks notice of his resignation. (DeCarlo's Memorandum, p. 4.) As stated previously, Photronics maintains that DeCarlo did not provide adequate notice. (Photronics' Memorandum, p. 15.) As such, there exists a genuine issue of material fact not appropriate for summary judgment resolution.
DeCarlo also claims that even if the resignation policy is found to be the operative policy, it was Photronics' unofficial policy to pay employees unused vacation time upon their leaving the employ of Photronics without regard to the notice requirement. (DeCarlo's Memorandum, p. 4.)
It is true that "`[a] course of conduct may . . . evince a subsequent modification of a contract or an abrogation of specific contract terms.'"Conn Strux, Inc. v. East Granby, Superior Court, judicial district of New Britain, Docket No. 497551 (April 15, 2002, Kremski, J.T.R.), quoting MayCenters, Inc. v. Paris Croissant of Enfield Square, Inc., 42 Conn. Sup. 77, CT Page 15191 81, 599 A.2d 407 (1991). It is well settled in Connecticut, however, that "[w]hether the parties to a contract intended to modify the contract is a question of fact. Newman Partners v. CFC Construction Ltd.,236 Conn. 750, 761 (1996); Three S. Development Co. v. Santore,193 Conn. 174, 177-78 (1984); Rowe v. Cormier, 189 Conn. 371, 373
(1983)." Hartford Art School, Inc. v. University of Hartford, Superior Court, complex litigation docket at Tolland, No. X07 CV96 0074300 (January 4, 2002, Bishop, J.) (31 Conn.L.Rptr. 244, 247). "A motion for summary judgment is inappropriate where questions of fact exist on the parties' motives, intent and subjective feelings and reactions." Morasciniv. Commissioner of Public Safety, supra, 236 Conn. 809.
Accordingly, there exists a genuine issue of material fact as to the first counterclaim and Photronics' motion for summary judgment is therefore denied.
 C Second Counterclaim
The second counterclaim alleges that DeCarlo was informed by Photronics that in recognition of his superior job performance in the fiscal year 1998-1999 he earned and would receive a $5000 bonus, to be paid in January, 2000. It is further alleged that despite repeated demands by DeCarlo, Photronics has refused to make such payment.
Photronics moves for summary judgment on the second counterclaim on the ground that its employment policies make DeCarlo ineligible to receive the bonus. Photronics argues that while DeCarlo was scheduled to receive a bonus in the amount of $5000, the provisions of its executive bonus program establish that DeCarlo was required to continue working at Photronics until actual payment of the bonus, without having tendered notice of resignation. Photronics argues that DeCarlo tendered his resignation prior to being paid the bonus, thereby making him ineligible to receive it.
DeCarlo counters that a memorandum issued by Photronics pertaining to the 1998-1999 fiscal year bonus program indicated only that DeCarlo was awarded a bonus of $5000 and that payment would be made in the first payroll in January, 2000 but nowhere stated, as it had in previous years, that the payment was contingent upon his being employed by Photronics on the payment date. (DeCarlo Reply Memorandum, p. 5.) DeCarlo further counters that Photronics, as drafter of the policy, bears the responsibility to state what, if any, conditions an employee must satisfy in order to remain eligible for the bonus. CT Page 15192
There is no dispute that DeCarlo earned and was scheduled to receive the $5000 bonus or that DeCarlo was not employed by the plaintiff on the payout date. (Deposition of Jeffrey Moonan, pp. 8-9.) The issue is whether the memorandum served to alter the existing terms of the executive bonus program. This determination requires resolution of two issues: (1) whether the memorandum constituted a contract; and (2) whether the parties intended it to modify or supplant the terms of the executive bonus program.
"The existence of a contract is, at least initially, a question of fact . . . Simmons v. Simmons, 244 Conn. 158, 187, 708 A.2d 949 (1998). Also, as stated previously, "[w]hether parties to a contract intended to modify that contract is a question of fact." Hartford Art School, Inc. v.University of Hartford, supra, 31 Conn.L.Rptr. 247. In the present case, there exists a factual dispute regarding the precise legal nature of the memorandum and whether it served to modify the existing employment contract.
Accordingly, there exists a genuine issue of material fact as to the second counterclaim and Photronics' motion for summary judgment is therefore denied.
 II DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
DeCarlo moves for summary judgment on the remaining count of the complaint and as to all three counterclaims.
 A Complaint
DeCarlo moves for summary judgment on the complaint on approximately the same grounds as he asserted in opposition to Photronics' motion for summary judgment as to the same claim. Similarly, Photronics offers counter-arguments in opposition to DeCarlo's motion for summary judgment that approximate the grounds it asserted in support of its motion for summary judgment as to the same claim.
As stated previously, the language of the provision doesn't definitively indicate that the forfeiture clause affects the stock options at issue. "In the absence of [definitive contract] language . . . the determination of what the parties intended to encompass in their CT Page 15193 contractual commitments is a question of the intention of the parties, and an inference of fact." (Internal quotation marks omitted.) Gaudio v.Griffin Health Services Corp. , supra, 249 Conn. 533. "A question of intent raises an issue of material fact, which cannot be decided on a motion for summary judgment." Picataggio v. Romeo, supra,36 Conn. App. 794.
DeCarlo further asserts that the forfeiture clause at issue constitutes an unenforceable anti-competitive restrictive covenant. DeCarlo argues that the clause fails to satisfy the elements necessary for a covenant restricting the activities of an employee after termination of employment to be enforceable. (DeCarlo's Memorandum in Support of Motion for Summary Judgment, p. 22.)
"There are five criteria by which the reasonableness of a restrictive covenant must be evaluated: (1) the length of time the restriction is to be in effect; (2) the geographic area covered by the restriction; (3) the degree of protection afforded to the party in whose favor the covenant is made; (4) the restrictions on the employee's ability to pursue his occupation; and (5) the extent of interference with the public's interests." New Haven Tobacco Co. v. Perrelli, 18 Conn. App. 531,533-34, 559 A.2d 715, cert. denied, 212 Conn. 809, 564 A.2d 1073 (1989).
In order for the court to ascertain whether the forfeiture clause is reasonable and, thus, enforceable, there can be no uncertainty as to what the forfeiture clause actually states. See Labor Ready, Inc. v. Zambory,
Superior Court, judicial district of New Haven, Docket No. 424865 (December 27, 2000, Zoarski, J.T.R.) (holding that it could not rule on the reasonableness of the restrictive covenant because the language of the covenant could be given a variety of interpretations and, therefore, a genuine issue of material fact existed). As discussed previously, there remains an issue of fact as to the precise scope of the forfeiture clause at issue. Therefore, the court cannot evaluate the enforceability of the clause.
Accordingly, there exists a genuine issue of material fact as to the complaint and DeCarlo's motion for summary judgment is therefore denied.
 B First Counterclaim
DeCarlo moves for summary judgment on the first counterclaim raising approximately the same arguments he asserted in opposition to Photronics' motion for summary judgment as to the same counterclaim. Similarly, CT Page 15194 Photronics offers counter-arguments in opposition to DeCarlo's motion for summary judgment that approximate the arguments it asserted in support of its motion for summary judgment as to the same counterclaim.
As stated previously, when, as here, there exist in an agreement inconsistent and conflicting clauses, a determination of the parties' intent is necessary. See Bank of Boston Connecticut v. Avon MeadowAssociates, supra, 40 Conn. App. 540. "A question of intent raises an issue of material fact, which cannot be decided on a motion for summary judgment." Picataggio v. Romeo, supra, 36 Conn. App. 794.
Accordingly, there exists a genuine issue of material fact as to the first counterclaim and DeCarlo's motion for summary judgment is therefore denied.
 C Second Counterclaim
DeCarlo moves for summary judgment on the second counterclaim raising approximately the same arguments he asserted in opposition to Photronics' motion for summary judgment as to the same claim. Similarly, Photronics offers counter arguments in opposition to DeCarlo's motion for summary judgment that approximate the arguments it asserted in support of its motion for summary judgment as to the same claim.
As stated previously, where, as here, there is an issue of (1) whether a contract exists and (2) whether the parties intended a modification of an existing contract, a question of fact is involved. See Simmons v.Simmons, supra, 244 Conn. 187 and Hartford Art School, Inc. v. Universityof Hartford, supra, 31 Conn.L.Rptr. 247.
Accordingly, there exists a genuine issue of material fact as to the second counterclaim and DeCarlo's motion for summary judgment is therefore denied.
 D Third Counterclaim
The third counterclaim alleges that Photronics mishandled DeCarlo's savings and profit sharing account by failing to timely implement DeCarlo's specific instructions as to how funds in the account were to be invested. CT Page 15195
DeCarlo moves for summary judgment on the third counterclaim on the ground that Photronics, as the administrator of this plan, is ultimately responsible for the plan's management. He argues that Photronics failed to timely execute his written investment instructions and caused him to suffer monetary damages.
Photronics counters that the third counterclaim essentially alleges that it violated its obligations by allowing an unreasonable delay in implementing DeCarlo's investment instructions. (Photronics' Memorandum in Opposition to Motion for Summary Judgment, pp. 12-13.) Photronics argues that determination of this issue implicates a determination of what constituted reasonable conduct under the circumstances and that such determinations are not appropriately determined by summary judgment. (Photronics' Memorandum in Opposition, p. 13.)
It is well settled in Connecticut that "reasonableness is a question of fact for the trier to determine based on all of the circumstances."Williams Ford, Inc. v. Hartford Courant Co., 232 Conn. 559, 580,657 A.2d 212 (1995); see also Delgado v. Achieve Global, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 362720 (November 15, 2000, Melville, J.) (denying summary judgment on the ground that a dispute regarding whether plaintiff's beliefs were reasonable is question of fact for the jury); Robinson v. Van Dyck Printing Company, Superior Court, judicial district of New Haven, Docket No. 360526 (April 25, 2000, Devlin, J.) (denying summary judgment on the ground that the issue of the reasonableness or unreasonableness of plaintiff's delay in bringing suit raises an issue of fact for the trier).
Accordingly, there exists a genuine issue of material fact as to the third counterclaim and DeCarlo's motion for summary judgment is therefore denied. CT Page 15196
For the foregoing reasons, Photronics' motion for summary judgment as to the complaint and the first and second counterclaim is denied and DeCarlo's motion for summary judgment as to the complaint and the first, second and third counterclaim is denied.
 _______________ White, J.